**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lonnie James JONES, Ralph Lee Vaughn
and Gary Donald Jones,
Defendants-Appellants.**

**Nos. 79–5415, 79–5416.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 9, 1981.

Decided May 6, 1981.

Pam E. Goldman, Barbara J. Sutherland, Goldman & Sutherland, Lexington, Ky., for defendants-appellants.

Patrick H. Molloy, U. S. Atty., Robert F. Houlihan, Robert Trevey, Asst. U. S. Attys., Lexington, Ky., for plaintiff-appellee.

Before MERRITT and JONES, Circuit Judges, and BOYLE, District Judge.*

NATHANIEL R. JONES, Circuit Judge.

Lonnie James Jones (Lonnie Jones), Ralph Lee Vaughn, and Gary Donald Jones (Gary Jones) appeal from their convictions. All three defendants were convicted of conspiring to make unregistered destructive devices and maliciously damaging and destroying property in interstate commerce. 18 U.S.C. § 371. Vaughn and Gary Jones were also convicted for possession of an unregistered destructive device in violation of 26 U.S.C. § 5861(d), and Vaughn was convicted of maliciously destroying a building used in interstate commerce in violation of 18 U.S.C. § 844(i).

I.

In July 1976, the coal miners at the Justus mine went on strike. The defendants were among the strikers. In October 1977, some of the strikers returned to work and new employees were hired to replace the remaining strikers. In May 1978, the mine resumed production. The defendants remained on strike.

On June 4, 1978, there was an explosion at Clifford Gregory's service station. Many of the strikebreakers dealt with Gregory and parked their cars at his station. The station was damaged by the explosion, but no one was injured. A witness testified that he saw Vaughn's Jeep near the service station around 11:00 p. m. on the night of the explosion; the explosion occurred at approximately 3:00 a. m. Another witness, David Maxwell, testified that Vaughn told him that he set off the explosion with another person. He also testified that after the explosion Vaughn showed him a Coke bottle with dynamite taped to it and that he accompanied Vaughn while Vaughn searched for dynamite he had hidden. Vaughn did not find the dynamite at that time, but later told Maxwell that he found it.

On August 4, 1978, at approximately midnight, three explosions occurred near Clark Hollow in McCreary County, Kentucky. The first was at the unoccupied cabin of Grover Conley Coffey; the second was near the home of Wolford Jones; and the third was near the home of Rosten and Glinna Lewis. Both Coffey and Jones were strikebreakers; the Lewises' son was also a strikebreaker. No one was injured in the explosions, but there was property damage.

On the same night, Lonnie Jones, Gary Jones and Vaughn went camping with Jerry Siske. Lonnie Jones went to visit his sister and brother-in-law before he left. His brother-in-law testified that Lonnie Jones told his sister: "If you hear something go off tonight, don't think nothing of it, don't let it scare you."

Siske and Lonnie Jones traveled to the camp site together. Siske testified that on the way to the campsite Lonnie Jones told him he was going to "blow up Coffey's place and Wolford Jones's and Rosten Lewis's and Sandy Coffey's Jeep." Lonnie Jones told him that no one would be killed

* Patricia J. Boyle, District Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

and that the explosions would occur around midnight. Siske testified that he and Lonnie Jones arrived at the campsite before midnight and that Gary Jones and Vaughn arrived around 2:00 a. m.

Grover Coffey is Vaughn's neighbor and his cabin was near their homes. Coffey testified that shortly before midnight he heard Vaughn call Gary Jones; shortly thereafter he heard Vaughn's Jeep start up. He also heard the Jeep stop near his mailbox and moments later his cabin was blown up. The cabin which was bombed was within throwing distance of the mailbox.

Siske testified that when Gary Jones and Vaughn arrived at the campsite Lonnie Jones asked Vaughn "if the firecrackers went off" and that Vaughn replied, "Yes, they did." Gary Jones described how the dirt flew and Vaughn said they went back to inspect one of the explosions.

Lonnie Jones's niece testified that several days after the explosion Vaughn was "showing Lonnie powder burns on his hand, and he said just for the heck of it he had walked back up to the cabin to see what he had done." He did not identify the cabin during this conversation.

At the trial, the Government also presented evidence that Vaughn had shot at Coffey's home and at another strikebreaker. The Government also introduced into evidence a pair of pliers which were found in Vaughn's Jeep. An expert witness testified that there were traces of an explosive on the pliers.

After a first trial resulted in a mistrial, a second trial was held and the defendants were convicted.

## II.

■ In this appeal the defendants contend that the district court impermissibly modified the indictment in its instructions to the jury. We agree. The defendants were indicted for conspiring to *make and construct* an unregistered destructive device, but the district court's instructions permitted the jury to convict the defendants merely for *possession* of an unregistered destructive device.

Count One of the indictment charged that the defendants conspired:

(1) To make and construct destructive devices not registered to them or any of them in the National Firearms Registration and Transfer Record, in violation of Chapter 53, Title 26, Sections 5861(d) and 5861(f), United States Code, and (2) To maliciously damage and destroy and attempt to damage and destroy real and personal property used in and affecting interstate commerce and activity in violation of Title 18, Section 844(i), United States Code, all in violation of Title 18, Section 371, United States Code.[1]

1. The complete charge contained in Count One reads:

That between on or about the 1st day of May, 1978 and up to and including the date of the return of this Indictment, in McCreary County, in the Eastern District of Kentucky. GARY DONALD JONES, LONNIE JAMES JONES, and RALPH LEE VAUGHN did willfully and knowingly combine, conspire, confederate and agree together with divers other persons, unknown to this Grand Jury, to commit the following offenses against the United States, to-wit: (1) To make and construct destructive devices not registered to them or any of them in the National Firearms Registration and Transfer Record, in violation of Chapter 53, Title 26, Sections 5861(d) and 5861(f), United States Code, and (2) To maliciously damage and destroy and attempt to damage and destroy real and personal property used in and affecting interstate commerce and activity in viola-

tion of Title 18, Section 844(i), United States Code, all in violation of Title 18, Section 371, United States Code.

It was part of said conspiracy that the defendants, Gary Donald Jones, Lonnie James Jones and Ralph Lee Vaughn and divers other persons unknown to this Grand Jury, would acquire, possess and make a destructive device consisting of explosive materials, which device would not be registered to them or any of them in the National Firearms Registration and Transfer Record. It was further a part of said conspiracy that said device would be used to maliciously damage and destroy a building used in interstate commerce and in activity affecting interstate commerce, said building being located in McCreary County, Kentucky.

OVERT ACTS

1. On or about June 4, 1978, Ralph Lee Vaughn drove a jeep to a service station

The Government failed to present any proof that the defendants made or constructed a destructive device and the district court instructed the jury to disregard that portion of the indictment. Instead of completely striking the charge, the court instructed the jury that they could convict the defendants if they found they conspired to possess a destructive device.[2] It gave the following charge:

> Thus, in Count 1, you are to decide whether there was a conspiracy either to possess a destructive device in volation [sic] of Title 26, United States Code, Section 5861(d) and/or to maliciously damage and destroy real or personal property used in and affecting interstate commerce and activity in violation of Title 18, Section 844(i), United States Code.

■ Rule 7(c) of the Federal Rules of Criminal Procedure requires that the indictment "shall be a plain, concise and definitive written statement of the essential facts constituting the offense charged." The indictment must inform the defendant of the specific crime with which he is charged. *Russell v. United States*, 369 U.S. 749, 765, 82 S.Ct. 1038, 1047–1048, 8 L.Ed.2d 240 (1962). One of the criteria in applying this standard is "whether the indictment contains the elements of the offense charged and sufficiently apprises the defendant so that he will not be misled while preparing his defense . . ." *United States v. Welliver*, 601 F.2d 203, 207 (5th Cir. 1979). "[W]here words are employed in an indictment which are descriptive of the identity of that which is legally essential to the charge in the indictment, such words cannot be stricken out as surplusage." *Butler v. United States*, 20 F.2d 570, 573 (8th Cir. 1927).

In this case, Count One of the indictment charged the defendants with conspiring to commit two specific offenses: (1) making and constructing unregistered destructive devices; and (2) maliciously damaging and destroying property used in and affecting interstate commerce. The Government did not present any proof that the defendants made or constructed an unregistered destructive device: the charge set forth in the indictment. Nevertheless, the charge given to the jury permitted them to convict the defendants for conspiring to possess an unregistered destructive device. The indictment did not charge the defendants with this type of conspiracy. The references to possession in Count One of the indictment describe acts in furtherance of the conspiracy, not the object of the conspiracy.

■ The Government contends that the defendants were on notice of the charge of conspiring to possess an unregistered destructive device because Count One refers to 26 U.S.C. § 5861(d) by number. That statute makes it unlawful to possess an unregistered destructive device. The advisory note to Rule 7(c) of the Federal Rules of Criminal Procedure states, "The law at present regards citations to statutes or regulations as not a part of the indictment." Although this note is intended to prevent a defendant from relying on an improper citation, the rule makes clear the limited purpose of citations in indictments. The Government cannot rely on this single statutory reference to put the defendants on notice of this charge.

In *United States v. Smolar*, 557 F.2d 13 (1st Cir.) *cert. denied* 434 U.S. 971, 98 S.Ct. 523, 54 L.Ed.2d 461 (1977), the defendants were indicted under 15 U.S.C. § 78j and Rule 10b–5; the indictment charged them

---

owned by Clifford Gregory on Wolf Ridge in McCreary County, Kentucky.

    \*     \*     \*     \*     \*

3. On or about August 1, 1978, Ralph Lee Vaughn made and/or possessed a destructive device, consisting of explosive materials.

4. On or about August 1, 1978, Ralph Lee Vaughn solicited a person to assist him in putting off explosives.

    \*     \*     \*     \*     \*     \*

6. On or about August 4, 1978, Gary Donald Jones drove a jeep vehicle owned by Ralph Lee Vaughn.

2. The defendants did not make a timely objection to the charge as required by Rule 30, Fed.R.Crim.P. However, a charge which impermissibly amends the indictment is plain error. Rule 52, Fed.R.Crim.P. *United States v. Harvey*, 428 F.2d 782, 783 n. 1 (9th Cir. 1970).

with defrauding a mutual fund by causing the fund to purchase stock warrants with "little, if any, value." The evidence at the trial revealed that the stock warrants were very valuable. The district court concluded that even if the stock warrants had great value the scheme was still fraudulent and violated 15 U.S.C. § 78j, and it instructed the jury in that way. The First Circuit held that the instructions given to the jury "materially altered the theory of criminal liability set forth in the indictment, [so that] it cannot be said that the indictment sufficiently apprised appellants of the nature of the charges against them." 557 F.2d at 19. The indictment had charged the defendants with outright securities fraud, the instruction would have enabled the jury to convict the defendants for breach of fiduciary duty. Both violations would have been under the same statutory provisions.

In *Watson v. Jago*, 558 F.2d 330 (6th Cir. 1977), this Court held that a state court made an impermissible variance from the indictment when the defendant was indicted for premeditated murder, but the trial court permitted the prosecution to present evidence which supported a felony-murder theory of criminal liability.

In this case, the indictment specifically charged the defendants with conspiring to make and construct unregistered destructive devices. It did not contain a "written statement" of the charge of conspiring to possess an unregistered destructive device as required by Rule 7(c)(1) of the Federal Rules of Criminal Procedure. The district court's charge permitted the jury to convict the defendants of this offense. This was a material alteration of the theory of criminal liability presented in the indictment and was an impermissible amendment of the indictment.

Vaughn contends that the district court erred when it permitted the Government to impeach him with evidence of his prior conviction for grand larceny. He asserts that this evidence should have been inadmissible because he was pardoned and because its prejudicial impact outweighed its probative value.

■ Rule 609(c) of the Federal Rules of Evidence provides that evidence of a conviction is not admissible if the conviction is the subject of a pardon. The advisory notes to this rule explain that a pardon granted solely to restore civil rights lost by the conviction "has no relevance to an inquiry into character." The pardon relied on by Vaughn restored his civil rights and is similar to one considered in *United States v. Barrett*, 504 F.2d 629 (6th Cir. 1974) aff'd, 423 U.S. 212, 96 S.Ct. 498, 46 L.Ed.2d 450 (1976). In that case the Court found that "[t]he only thing accomplished by the pardon was a restoration of civil rights under Kentucky law." 504 F.2d at 634. The pardon relied on by Vaughn did not prove he was rehabilitated and it did not make evidence of his prior conviction inadmissible.

■ In this case the district court did not abuse its discretion in permitting the Government to impeach Vaughn with evidence of his conviction for grand larceny. Although the conviction was nine years old and took place when Vaughn was only twenty, it was not an abuse of discretion to admit it into evidence. While the district court could easily have ruled it inadmissible, we affirm its evidentiary ruling. Rule 609(a)(1), Fed.R.Evid.

■ The defendants' contention that the district court erred because it failed to give a cautionary instruction about the use of the evidence of the bombings is without merit. Objections to jury instructions must be made before the jury retires unless the charge was plain error. Rule 30, Fed.R. Crim.P.; *United States v. Faulkner*, 538 F.2d 724 (6th Cir.) *cert. denied* 429 U.S. 1023, 97 S.Ct. 640, 50 L.Ed.2d 624 (1976). There was no plain error here. In addition, the district court's comments on the case were adequate to apprise the jury of the limited purpose for which the evidence of the bombings was to be considered. The defendants were not entitled to have the instruction given in the precise words they requested. *United States v. Scheffer*, 463 F.2d 567 (5th Cir.) *cert. denied* 409 U.S. 984, 93 S.Ct. 324, 34 L.Ed.2d 248 (1972).

We have examined the other contentions made by the defendants and none of them has merit.

The judgments of conviction and sentences under Count One are vacated and the case is remanded for further proceedings on that Count. In all other respects the judgment of the district court is affirmed.