COMMONWEALTH vs. JEFFREY P. DAY.

Middlesex.   September 14, 1982. — January 11, 1983.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Criminal,* Variance, Voluntariness of statement. *Constitutional Law,* Admissions and confessions, Waiver of constitutional rights. *Waiver. Evidence,* Admissions and confessions.

No error appeared in a judge's denial of a criminal defendant's motion to suppress his statements to police, where the evidence warranted the judge's findings that, although the defendant had been smoking mari- huana and drinking beer, his statements were the product of a rational intellect and he had not been tricked, cajoled or threatened, and where the judge correctly determined that the Commonwealth had met its "heavy burden" of proving that the defendant knowingly and voluntarily waived his Miranda rights. [916-920]

Where a criminal defendant's waiver of the constitutional rights protected by *Miranda* v. *Arizona,* 384 U.S. 436 (1966), is an issue in determining a motion to suppress his statements from evidence, the Commonwealth must, as a matter of Massachusetts practice, prove a knowing and in- telligent waiver of these rights beyond a reasonable doubt. [920-921]

At the trial of an indictment alleging that the defendant committed an act of unlawful sexual intercourse on October 24, 1979, where contradic- tory evidence was presented as to whether the offense occurred on Oc- tober 24 or October 26, 1979, the defendant, who had raised no alibi defense, was not prejudiced by the judge's instruction to the jury to the effect that the precise date was not an essential element of the offense charged; nor, in the circumstances, was the defendant prejudiced in. preparing his defense by the fact that the October 24 date had been set forth in a pretrial conference report. [921-923]

At a criminal trial, the judge's accurate instructions to the jury with respect to the voluntariness of the defendant's statements, although not re- quired by the evidence, could not have been prejudicial to the defense. [923]

INDICTMENT found and returned in the Superior Court Department on June 17, 1980.

The case was tried before *Hayes,* J., a District Court judge sitting under statutory authority.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*John P. Courtney* for the defendant.

*Kevin J. Ross,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. After a trial by jury, the defendant was convicted of unlawful sexual intercourse with a person under the age of sixteen. G. L. c. 265, § 23.[1] Day appeals, claiming error concerning the (1) denial of his motion to suppress statements made by him to police officers; (2) rulings and instructions concerning the date of the offense; and (3) instructions on the voluntariness of the defendant's statements. We affirm.

We summarize the facts.[2] On October 26, 1979, see part 2 *infra,* the fourteen year old complainant and the defendant were both passengers in a car driven by an acquaintance. After making a few stops and smoking some marihuana cigarettes, the complainant and the defendant were driven to the defendant's house. The complainant and the defendant went to his bedroom in the cellar of his home, drank wine, and smoked more marihuana. The complainant took one or two Valium pills. The complainant had intercourse with the defendant. Eight weeks later, the complainant learned that she was pregnant. The defendant admits he was with the complainant in his bedroom in late October, 1979, but denies having intercourse with her.

1. *The motion to suppress.* The defendant challenges the judge's denial of his motion to suppress his statements to the police. The defendant claims (1) that the warnings given to him by the police did not adequately comply with

---

[1] Day was sentenced to a term of ten years at the Massachusetts Correctional Institution, Concord. See G. L. c. 279, § 33. Thirty days of the sentence were to be served, the remainder suspended, and the defendant placed on probation for two years. G. L. c. 279, § 1. The sentence was stayed pending appeal. G. L. c. 279, § 4. Mass. R. Crim. P. 31 (a), 378 Mass. 902 (1979). *Commonwealth* v. *Allen,* 378 Mass. 489 (1979).

[2] Additional facts will be set forth in our review of the errors alleged.

the requirements of *Miranda* v. *Arizona*, 384 U.S. 436, 478-479 (1966), and (2) that he did not "voluntarily, knowingly, and intelligently" waive the rights protected by the Miranda warnings as required by the Fifth and Sixth Amendments to the Constitution of the United States. *Commonwealth* v. *Tavares*, 385 Mass. 140, 143 (1982). *Commonwealth* v. *Cobb*, 374 Mass. 514, 518 (1978).

The judge found the following facts on the motion to suppress. On January 15, 1980, the defendant learned that the police were looking for him. The defendant had been smoking marihuana and drinking alcohol for several days prior to January 15, 1980. Before meeting the police, Day drank some alcohol and smoked some marihuana.

Day arranged to meet a police officer. That officer took Day to a parking lot where two other officers were waiting for them. The two officers had a warrant for Day's arrest for rape. G. L. c. 265, § 23. Day was shown the arrest warrant and given a printed card containing the Miranda warnings.[3] The defendant looked at both sides of the card for a minute and then stated that he understood his rights. One of the officers said to the defendant that the "card means that you don't have to talk to us if you don't want to." The defendant was not questioned during his trip to the police station.

At the station, the defendant responded without difficulty to all questions on the arrest form.[4] Prior to questioning, Day was shown a second Miranda warning card. The de-

---

[3] The warnings printed on the card were: "MIRANDA WARNING 1. You have the right to remain silent. 2. Anything you say can and will be used against you in a court of law. 3. You have the right to talk to a lawyer and have him present with you while you are being questioned. 4. If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning."

The reverse side of the card stated: "WAIVER After the warning and in order to secure a waiver, the following questions should be asked and an affirmative reply secured to each question: 1. Do you understand each of these rights I have explained to you? 2. Having these rights in mind, do you wish to talk to us now?"

[4] The defendant also signed a form stating that he had been advised of his right to use the telephone. G. L. c. 276, § 33A.

fendant read both sides of this card and again stated that he understood the warnings. A detective told him that "[i]f you do not wish to talk to us you don't have to." Day said that he was willing to talk with the police. He made some incriminating statements during approximately thirty minutes of interrogation.[5]

Day said that he does not remember being given or reading any card containing the Miranda warnings. The judge disbelieved Day on this issue and found that Day had a clear memory of "his conversations with the officers at the school parking lot." The judge also found that the marihuana and beer that Day consumed did not affect his ability to walk, to talk with the officers, or to understand police questions and procedures.[6] The judge concluded that the defendant knowingly, voluntarily, and intelligently waived his constitutional rights. The judge also concluded that Day was not tricked, coerced, or threatened, and that Day's statements were "the product of a rational intellect."[7]

On appeal, Day asserts that the Miranda warnings he received were inadequate. Day does not argue that the warnings printed on the cards were constitutionally defective.[8]

---

[5] Day admitted being with the victim in his bedroom one night in October, 1979. He stated that he was so "high" on alcohol, marihuana, and Valium that he could not remember having intercourse with the victim.

[6] There was conflicting evidence from the police. The arresting officer, who knew Day, was of the opinion Day was under the influence of a substance. The detective who questioned Day, however, stated that Day was calm, coherent, and understood the questions. That detective said that the defendant appeared to be "sober."

[7] The judge also found that, although Day was not orally given the Miranda warnings, he fully understood the warnings before he made any statements. Moreover, the judge concluded that, although Day was not given an additional, "fifth" warning that he could stop the questioning at any time, such a warning is not required. *Commonwealth* v. *Lewis,* 374 Mass. 203, 205 (1978). See *Commonwealth* v. *Gallant,* 381 Mass. 465, 467-468 (1980); *Commonwealth* v. *Brant,* 380 Mass. 876, 882-883, cert. denied, 449 U.S. 1004 (1980).

[8] Day also does not claim that there is a requirement that the Miranda warnings be given in oral rather than written form. See *United States* v. *Sledge,* 546 F.2d 1120, 1121 (4th Cir. 1977).

Day argues that, in view of his testimony that he was not shown the Miranda warning cards, the Commonwealth was obligated to produce evidence to corroborate the police officers' testimony that they gave him the printed Miranda warnings to read. We do not agree.

The judge was entitled to resolve the conflicting testimony. The judge was not required to believe the defendant. We do not "revise a judge's subsidiary findings of fact, where they are warranted by the evidence, or . . . review the weight of the evidence related to the findings. In particular, it is inappropriate to ask us to reverse a judge's findings involving credibility, since he saw the witnesses and we did not." *Commonwealth* v. *Murphy*, 362 Mass. 542, 550-551 (1972) (Hennessey, J., concurring). See *Commonwealth* v. *Wilborne*, 382 Mass. 241, 252, 253 (1981); *Commonwealth* v. *Santo*, 375 Mass. 299, 303 (1978).

Day also argues that, even if the printed warnings were adequate, they were rendered void because the detective who questioned Day said, "If you do not wish to talk to us you don't have to." Day urges that this statement, made after Day acknowledged that he understood his rights, diluted his right to counsel. Alternatively, Day argues that the statements of the two officers tainted his understanding of the warnings. We are not persuaded by the defendant's arguments.

The police informed the defendant of the Miranda warnings, including the right to counsel, when they gave him the printed card. See *Commonwealth* v. *Mahnke*, 368 Mass. 662, 691 (1975), cert. denied, 425 U.S. 959 (1976). There was no misrepresentation to the defendant of any required warnings. *Commonwealth* v. *Dustin*, 373 Mass. 612, 616 (1977), cert. denied, 435 U.S. 943 (1978).[9] The officers'

---

[9] Day relies on two cases in which a defendant, after receiving Miranda warnings, sought to exercise his right to counsel. The police officer misrepresented the defendant's ability to consult a lawyer at that time and the officer's comment led to the defendant's statement. See *Cribbs* v. *State*, 378 So. 2d 316 (Fla. App. 1980); *State* v. *Steptoe*, 296 N.C. 711, 717 (1979). The defendant's reliance on these cases is misplaced. In this

statements were not designed to "persuade [the defendant] to reconsider his position," *Michigan* v. *Mosley*, 423 U.S. 96, 104 (1975), or to persuade him not to exercise his rights. Compare *Commonwealth* v. *Hosey*, 368 Mass. 571, 577-578 (1975). We conclude that the judge's findings are not erroneous and are supported by the record.

Day also asserts that suppression of his statement was required on the ground that he did not "voluntarily, knowingly and intelligently waive his Miranda rights." *Commonwealth* v. *Jackson*, 377 Mass. 319, 325 (1979), quoting *Miranda* v. *Arizona*, 384 U.S. 436, 444 (1966). He contends that the judge erred in concluding that the Commonwealth met its "heavy burden" of proving a knowing and voluntary waiver.

The defendant argues that his use of marihuana, his consumption of alcohol, and his failure to eat before talking with police prevented him from making a knowing and voluntary waiver. The judge assumed that the defendant had been smoking marihuana and drinking. Nonetheless, he found that Day could and did make a knowing and intelligent waiver of his constitutional rights. "[A] finding of voluntary waiver is 'entitled to substantial deference by this court.' *Commonwealth* v. *White*, 374 Mass. 132, 138 (1977), aff'd, 439 U.S. 280 (1978)." *Commonwealth* v. *Tabor*, 376 Mass. 811, 822 (1978). The judge "carefully weighed the conflicting evidence, and made findings," which are supported by the record. *Commonwealth* v. *Wilborne*, 382 Mass. 241, 253 (1981). We conclude that the judge correctly determined that the Commonwealth met its "heavy burden" of proving that the defendant knowingly and voluntarily waived his rights under *Miranda*.

The defendant also asks us to hold that the Commonwealth's burden of proof on the issue of waiver is proof beyond a reasonable doubt. We left that issue open in *Com-*

case there was no misrepresentation by police officers. If anything, the officers' statements supported Day's exercise of his constitutional rights. Their statements did not hinder Day's efforts to exercise either a right to counsel or a right to remain silent.

*monwealth* v. *Tavares*, 385 Mass. 140, 144 n.5 (1982). Since a defendant's statement may not be placed before a jury unless the judge concludes that the Commonwealth has proved voluntariness beyond a reasonable doubt, see *Commonwealth* v. *Tavares, supra* at 152, we think that the administration of justice will be facilitated by requiring the Commonwealth to adhere to the same standard in proving a knowing and voluntary waiver of the constitutional rights protected by *Miranda* v. *Arizona*, 384 U.S. 436 (1966). Thus, as a matter of Massachusetts practice, the Commonwealth must prove a knowing and intelligent waiver beyond a reasonable doubt.[10]

2. *Jury instructions.* Day's indictment charged that the alleged unlawful sexual intercourse occurred on October 24, 1979. There is some evidence that October 24 is the date of the alleged offense, and other evidence that it occurred on October 26, 1979.[11]

During its deliberations the jury asked the judge "whether it should restrict its deliberations to what actually happened on Wednesday, 24 October, 1979, or whether the charge may more broadly be interpreted as including the several days before or after the alleged incident?" Defense counsel then requested an instruction that the Commonwealth be required to prove the October 24, 1979, date in the indictment. The judge declined to give this instruction. He instructed the jury that whether the incident took place on October 24, 1979, or a few days before or after that date was immaterial because the date was not an essential element of the offense charged. See *Commonwealth* v. *Gal-*

---

[10] Since this rule is not constitutionally mandated, we conclude that it should be applied to decisions made on motions to suppress after the date of this opinion.

[11] The victim testified that she went to school and worked at D'Angelo's sandwich shop on the day of the incident. She believed it to be a Friday, but was uncertain of the day. The shop's records, introduced in evidence, showed that the victim worked Saturday (October 20), Tuesday (October 23), Thursday (October 25), and Friday (October 26). The records indicate that she did not work on Wednesday, October 24.

*lant,* 373 Mass. 577, 582-585 (1977), and cases cited. Day argues that he was unfairly prejudiced by this instruction. We disagree.

General Laws c. 277, § 35, provides that a variance between the allegations and proof shall not be a ground for the defendant's acquittal "if the essential elements of the crime are correctly stated, unless he is thereby prejudiced in his defence." Since the date of intercourse is not an essential element of statutory rape, and the defendant raised no alibi defense, in the absence of prejudice the defendant was not entitled to an acquittal even if the jurors found a variance between the date alleged in the indictment and the date proved. *Commonwealth* v. *Smith,* 368 Mass. 126, 129 (1975). *Commonwealth* v. *Manooshian,* 326 Mass. 514, 516 (1950).

The defendant next urges that, even if the date is not an essential element of the offense, the Commonwealth was required to prove the October 24 date, because that date was set forth in the pretrial conference report. He claims that written agreements in the report "shall be binding on the parties and shall control the subsequent course of the proceeding." Mass. R. Crim. P. 11 (a) (2) (A), 378 Mass. 863 (1979). The judge found that the October 24 date was listed by the Commonwealth in the report to provide notice to the defendant, should he wish to rely on an alibi defense. The defendant responded to this notice by stating that no alibi defense would be offered.

Absent an alibi defense, the defendant's primary allegation of prejudice is that between the time of the indictment and that of the jury instructions, he relied on the October 24 date and was therefore misled in the preparation of his defense. See *United States* v. *Jones,* 647 F.2d 696, 699 (6th Cir.), cert. denied, 454 U.S. 898 (1981); *United States* v. *Welliver,* 601 F.2d 203, 207 (5th Cir. 1979). See also *United States* v. *Tomasetta,* 429 F.2d 978, 979 (1st Cir. 1970). The defendant asserts that the judge's instructions negated the impact of the employment record evidence on the victim's credibility, and the portions of his summation emphasizing that October 24, 1979, was a Wednesday, not a Friday.

However, the victim's entire employment record for the week in question was introduced, and the judge instructed the jury that it could consider the evidence on the dates "as . to how it might or might not affect the credibility of any particular witness."[12]

The defense was based on the theory that, although the complainant and the defendant were together in his bedroom in late October, intercourse did not take place. In these circumstances, Day has not shown any prejudice from the change in date.

3. *Jury instruction on voluntariness.* The judge instructed the jurors to disregard Day's statements unless they concluded that the defendant voluntarily made his statements, and that the statements were the product of a rational intellect. The judge also instructed the jurors to disregard the statements if they determined that Day did not make a knowing and voluntary waiver of his Miranda rights. Day claims the judge erred by instructing the jurors on the voluntariness of the Miranda waiver since the evidence of the involuntariness of the waiver was not presented at trial. The defendant did not object to the instructions.

The instructions on voluntariness of the defendant's statements were accurate, although the judge need not have instructed on voluntariness because it was not a live issue at trial. *Commonwealth* v. *Alicea,* 376 Mass. 506, 523 (1978). Further, the judge was not required "to submit to the jury the question of the validity of a waiver of Miranda rights apart from the over-all determination of voluntariness." *Commonwealth* v. *Tavares,* 385 Mass. 140, 153 n.19 (1982). The instructions, therefore, were more favorable to the defendant than those to which he was entitled. Read as a whole, the charge was fair and accurate. We conclude that there is no substantial likelihood of a miscarriage of justice.[13]

*Judgment affirmed.*

---

[12] The complainant's credibility was challenged at trial on this ground as well as a number of other grounds.

[13] The defendant's statements to the police did not differ materially from the defense theory of the case. Indeed, in his summation the defendant argued the truth of his statements to the police.