NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1324

COMMONWEALTH

vs.

GAMALIEL T. MADELON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Boston Municipal Court, the defendant, Gamaliel Madelon, was convicted of assault and battery, in violation of G. L. c. 265, § 13A (a).  On appeal, he contends that the trial judge erred in (1) denying his motion for a required finding of not guilty where the date of offense referenced at trial varied from the date of offense alleged in the criminal complaint, and (2) allowing a detective to testify about a telephone conversation he had with the defendant.  We affirm.

Background.  At trial, the prosecutor asked the victim to describe events that occurred on "April 29th of 2020."[1]  In

---

[1] The prosecutor also referred to April 29, 2020, as the date of offense during his opening statement and during direct examination of an eyewitness.  The defendant did not object to either reference.

response, the victim described an incident that occurred on Boylston Street in Boston during which the victim "honked" the horn of his car while stopped in traffic behind the defendant's car. The victim "exited [his] car to see what's going on," and "[a]t the same time," the defendant "came out of his car." The victim asked the defendant, "Why aren't you moving? You blocked the way." The defendant responded by grabbing the victim's shirt near his throat and punching him in the face and head. At some point, the defendant stopped striking the victim, returned to his car, and drove away. The victim then used his cell phone to take a photograph of the car driven by the defendant and its license plate.[2]

Later at trial, the prosecutor asked Boston Police Detective Michael Nucci about his investigation into an incident that occurred on "April 29th of 2020."[3] Detective Nucci testified that the victim provided him with a video and photograph depicting the "license plate attached to the vehicle in question." Detective Nucci entered the license plate into a database and found that it was registered to the defendant. He then searched a "subsequent database" and obtained a telephone

---

[2] The victim's version of events was further corroborated by the testimony of the eyewitness, who saw the incident and "called 911" to report what he had witnessed.

[3] The defendant did not object to this reference as well.

number for the defendant.  Detective Nucci called the number and "inquired as to who [he] was speaking with" and if he was "speaking with the registered owner of the vehicle."  The defendant acknowledged that he was "Gamaliel Madelon," that he was the registered owner of the vehicle in question, and that he was involved in a "physical altercation at the date and location in question."  The defendant also "indicated that he felt that he was being attacked and that he was defending himself."

The defense at trial centered on self-defense.  The defendant moved for a required finding of not guilty following the close of the Commonwealth's case, arguing, in part, that the Commonwealth alleged an incident date of April 18, but the witnesses testified that the event occurred on April 29.  The judge denied the motion.  The defendant renewed the motion for a required finding of not guilty at the close of all evidence, which the judge likewise denied.  The jury found the defendant guilty of assault and battery.  This appeal ensued.

Discussion. 1. Variance.  The criminal complaint listed April 18, 2020, as the date of offense.  As noted above, the prosecutor referred to the date of offense as April 29, 2020, during his opening statement and direct examinations.  The defendant argues that he was prejudiced by lack of notice of the date of the crime.  The claim is unavailing.

3

"[A] variance between the allegations and proof shall not be a ground for the defendant's acquittal 'if the essential elements of the crime are correctly stated, unless he is thereby prejudiced in his defence.'" Commonwealth v. Day, 387 Mass. 915, 922 (1983), quoting G. L. c. 277, § 35. "The time alleged for an offense is ordinarily treated as a matter of detail rather than substance . . . . [T]here will be no fatal variance if the Commonwealth has alleged one time for the commission of an offense and proves that it occurred, but at another time" (citations omitted). Commonwealth v. Campiti, 41 Mass. App. Ct. 43, 50 (1996).

Here, where the date of offense was not an essential element of the crime alleged, the defendant has not demonstrated that his defense was prejudiced by the variance. From the criminal complaint, the defendant was provided notice that he was charged with assault and battery based on the incident with the victim, at Boylston Street and Massachusetts Avenue. Further, had defense counsel believed that the Commonwealth was proceeding on a theory that the incident occurred on April 29, 2020, he could have used the discrepancy to his advantage during cross-examination or during closing argument. Instead, while cross-examining the victim, rather than exploit the Commonwealth's error, defense counsel referred to "the events of April 29th of 2020." Seemingly recognizing that the discrepancy

4

was a misstatement by the Commonwealth, defense counsel did not mention the date in his closing argument.

Moreover, as to what prejudice the error caused, the defendant claims only that the variance may have precluded him from asserting an alibi defense. This argument is unpersuasive where the defendant made no proffer -- at trial or on appeal -- as to the possible existence or viability of such a defense. Furthermore, he did not file a motion for a new trial through which he could have attempted to present facts, witnesses, and specifics to support an alibi defense. See Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). Accordingly, we are confident that the alleged variance did not impact the trial or prejudice the defense.

2. Telephone conversation testimony. a. Authentication. The defendant contends that Detective Nucci's testimony regarding his telephone conversation with the defendant was not adequately authenticated and thus was not properly admitted as an admission by a party opponent. Again, we disagree.

"An extrajudicial statement made by a party opponent is an exception to the rule against the introduction of hearsay, and is admissible unless subject to exclusion on other grounds." Commonwealth v. Spencer, 465 Mass. 32, 46 (2013). See Mass. G. Evid. § 801(d)(2)(A) (2022). "Whether a statement qualifies as an admission by a party opponent is a preliminary question of

5

fact for the judge, to be decided by a preponderance of the evidence." Commonwealth v. Gray, 80 Mass. App. Ct. 98, 101 (2011). A judge "may look to 'confirming circumstances' that would allow a reasonable jury to conclude that this evidence is what its proponent claims it to be." Commonwealth v. Purdy, 459 Mass. 442, 449 (2011). "In the context of telephone conversations, where a witness has received a telephone call and cannot identify the caller's voice, evidence that the caller identified himself as the defendant is not sufficient to authenticate the conversation." Id. However, "confirming circumstances" may provide sufficient evidence that the defendant was the one who answered the telephone call. Id. We review the judge's ruling for an abuse of discretion. See Commonwealth v. Meola, 95 Mass. App. Ct. 303, 309 (2019).

Here, there were sufficient confirming circumstances to allow a reasonable jury to find by a preponderance of the evidence that the defendant was the person with whom the detective spoke on the telephone. Detective Nucci used the license plate number provided to him by the victim to identify the defendant as the registered owner of the vehicle.[4] Using that information, Detective Nucci obtained a telephone number

---

[4] The photograph taken by the victim, depicting the defendant's vehicle and license plate, was admitted in evidence at trial.

6

for the defendant.  On the telephone call, the defendant confirmed his name, his status as the registered owner of the car, and his involvement in the altercation that he was investigating.  Taken together, these facts provide sufficient confirming circumstances that it was more likely than not that the defendant was the person with whom the detective spoke.  Thus, the judge did not err in allowing the detective to testify about the defendant's conversation.  See Commonwealth v. Loach, 46 Mass. App. Ct. 313, 316 (1999).  See also Commonwealth v. Wojcik, 43 Mass. App. Ct. 595, 606-607 (1997), quoting Commonwealth v. Anderson, 404 Mass. 767, 770 (1989) ("A telephone conversation between a witness and a person the witness had never met may be admitted when confirming circumstances tend to authenticate the identity of the other person, even if . . . the witness does not recognize the voice").

b.  Voluntariness of the defendant's statements.  The defendant also contends that his statements during the telephone call with the detective were involuntary and thus were improperly admitted at trial.  As the defendant did not raise the issue of voluntariness in his motion in limine or at trial, our review is limited to whether there was any error, and if so, whether that error created a substantial risk of a miscarriage

7

of justice. See Commonwealth v. Bohigian, 486 Mass. 209, 219 (2020).

Where a defendant did not raise the issue of the voluntariness of his statements at trial, a judge is obligated to conduct a voir dire hearing sua sponte "only where there is evidence of a substantial claim of involuntariness . . . and where voluntariness is a live issue at the trial." Commonwealth v. Stroyny, 435 Mass. 635, 646 (2002). If, after conducting a voir dire hearing, the judge concludes that the statement is voluntary, "the issue of voluntariness must be submitted to the jury." Commonwealth v. Kirwan, 448 Mass. 304, 318 (2007). If a claim of involuntariness "is not a 'live issue' at trial, there is no obligation for the judge either to conduct a voir dire, or to instruct the jury on the humane practice rule." Commonwealth v. Pavao, 46 Mass. App. Ct. 271, 274 (1999).

Here, the defendant failed to raise the issue of the voluntariness of his statements, and thus the judge was not required to conduct a voir dire unless there was a substantial claim of involuntariness. See Pavao, 46 Mass. App. Ct. at 273-274. The fact that the defendant was "not informed of [his] right not to answer any questions or given time to consider whether to make a statement" did not create a "substantial claim of involuntariness," id. at 274 (citation omitted). The defendant was not in custody, the conversation occurred over the

8

telephone, and the communication lacked the formality and indicia of custodial interrogation.  "[B]ecause no 'substantial claim of involuntariness' arose during the trial, the judge did not err in failing to act sua sponte."  <u>Commonwealth</u> v. <u>Cutts</u>, 444 Mass. 821, 833 (2005).

<u>Judgment affirmed</u>.

By the Court (Blake, C.J., Neyman & Grant, JJ.[5]),

Clerk

Entered:  January 17, 2025.

---

[5] The panelists are listed in order of seniority.

9