NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1

COMMONWEALTH

vs.

ANTHONY WINIARSKI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Superior Court, the defendant, Anthony Winiarski, was convicted of two counts of aggravated rape in violation of G. L. c. 265, § 23A. On appeal, he contends that the trial judge erred in (1) admitting certain testimony regarding statements made by the defendant because the statements were not properly authenticated and were not made to a party opponent; (2) admitting an unauthenticated Facebook message; and (3) allowing the Commonwealth's motion to amend the indictments. The defendant also claims that his trial counsel was ineffective in failing to object to the admission of this evidence or to oppose the motion to amend. We affirm.

Discussion.  1.  Telephone conversation testimony and the defendant's Facebook message.  a.  Authentication.  At trial, the victim's mother testified that the victim called home around 3:00 A.M. on June 21, 2010, and was in distress, crying and screaming hysterically, and her mother went to pick her up. During the car ride home, the victim told her mother that "Tony raped me."  Later that same day, the victim was on her cell phone and the victim's mother asked who she was speaking to. The victim said that the defendant had called her, prompting the victim's mother to grab the phone away from the victim and speak to the caller.  The caller told the victim's mother "I'm sorry for what I did to [the victim]."  Later that same week, the victim's mother called the defendant and told him to stay away from the victim.  Again, the defendant said that he was sorry.

At trial, the Commonwealth introduced a Facebook message from a page bearing the name "Anthony Mark Winiarski" that was sent to the victim approximately twelve hours after the rapes. The message said, verbatim, "i hope you got home ok. last night was maniacal and i'm not sure why. . . . you are a strange lass."  The defendant's counsel did not object to its admission.

The defendant claims that the telephone conversations and the Facebook message were not properly authenticated and that the judge erred in admitting them.  The defendant did not object to the introduction of this evidence at trial, so we must

2

determine whether its admission was in error, and if so, "whether the error created a substantial risk of a miscarriage of justice." Commonwealth v. Alphas, 430 Mass. 8, 13 (1999). See Commonwealth v. Lee, 104 Mass. App. Ct. 725, 732 (2024).

"An extrajudicial statement made by a party opponent is an exception to the rule against the introduction of hearsay, and is admissible unless subject to exclusion on other grounds." Commonwealth v. Spencer, 465 Mass. 32, 46 (2013). See Mass. G. Evid. § 801(d)(2)(A) (2021). The determination "[w]hether a statement qualifies as an admission by a party opponent is a preliminary question of fact for the judge, to be decided by a preponderance of the evidence." Commonwealth v. Gray, 80 Mass. App. Ct. 98, 101 (2011). See Mass. G. Evid. § 104(a) & note (2022). When a witness speaks to a person on the telephone and cannot identify the caller's voice, "evidence that the caller identified himself as the defendant is not sufficient to authenticate the conversation." Commonwealth v. Purdy, 459 Mass. 442, 449 (2011). A judge, however, may look to "confirming circumstances" that would permit a reasonable jury to conclude that the evidence "is what the proponent claims it to be" -- in other words, that here it was the defendant speaking on the telephone (citation omitted). Id. at 447, 449. We review the judge's ruling for an abuse of discretion. See Commonwealth v. Meola, 95 Mass. App. Ct. 303, 309 (2019).

3

The defendant contends that the mother was unfamiliar with the defendant's voice and could not distinguish his voice from others. Here, there were sufficient confirming circumstances to allow a reasonable jury to find, by a preponderance of the evidence, that the defendant was the person with whom the victim's mother spoke on the telephone. First, the victim, who was familiar with the defendant, told her mother that the defendant called her and that she was speaking to him. During this call (which occurred on the day of the rapes), the defendant apologized to the victim's mother for what he had done to the victim -- showing that the caller was well aware of his conduct the previous evening. See Commonwealth v. Loach, 46 Mass. App. Ct. 313, 316 (1999). A few days later, when the victim's mother called the defendant to tell him to stay away from her daughter, he repeated the apology. In addition, there was no evidence to suggest that the person on the telephone was anyone other than the defendant. Thus, the judge did not err in allowing the victim's mother to testify about her telephone conversations with the defendant. See id. See also Commonwealth v. Wojcik, 43 Mass. App. Ct. 595, 606-607 (1997), quoting Commonwealth v. Anderson, 404 Mass. 767, 770 (1989) ("A telephone conversation between a witness and a person the witness had never met may be admitted when confirming circumstances tend to authenticate the identity of the other

4

person, even if . . . the witness does not recognize the voice").

The confirming circumstances of the Facebook message also support the judge's preliminary ruling that the message was from the defendant and thus admissible. "In the case of a digital communication that is relevant only if authored by the defendant, a judge is required to determine whether there is sufficient evidence to persuade a reasonable trier of fact that it is more likely than not that the defendant was the author . . . ." Meola, 95 Mass. App. Ct. at 308. Here, the Facebook message contains details that adequately identify the defendant as the author. The Facebook message, sent to the victim approximately twelve hours after the victim left the defendant's apartment, contains the defendant's full name, "Anthony Mark Winiarski," in two separate places. The content of the message is specific to this case as it refers to the defendant's "hope" that the victim arrived home safely on the night of the rapes, includes the defendant's characterization of the night as "maniacal," and labels the victim as a "strange lass." There was no error in its admission. See Meola, 95 Mass. App. Ct. at 313 (holding that digital evidence may be authenticated circumstantially based on its content and surrounding circumstances).

b. Statement made by a party opponent. Next, the defendant argues that his statements during the telephone conversation, in which he apologized for what he had done to the victim, were inadmissible because they were made to the victim's mother, who was not a party opponent. Again, we are unpersuaded. The statements were admissible because they were made by the defendant, who was a party opponent. Their admissibility did not hinge upon to whom the party opponent made the statements. As a defendant in a criminal case, he is a party opponent of the Commonwealth and thus there was no error in the admission of his statements.[1] See Commonwealth v. Kozubal, 488 Mass. 575, 584-585 (2021).

2. Motion to amend. Finally, the defendant claims that he was prejudiced by the Commonwealth's late filing of a motion to amend the date of the offense. His claim is unavailing. Initially, the Commonwealth alleged that the rapes occurred on June 19 or 20, 2010. Evidence from medical reports, psychiatric records, and Facebook messages, however, led the Commonwealth to

---

[1] Having found no error in the admission of the defendant's statement or Facebook message, we do not discern any corresponding error by counsel for not lodging an objection. See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974) (claim of ineffective assistance of counsel requires "serious incompetency, inefficiency, or inattention of counsel-- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer").

the conclusion that the rapes occurred on June 20 or 21, 2010. In December 2021, eleven months before trial, the Commonwealth filed a motion to amend the date of the offense and notified the defendant. At the motion hearing, the defendant's counsel stated that initially he believed that the amendments would detract from an alibi defense. However, counsel conceded that the Commonwealth had substantiated the date of the offense, and, based on "developments of the case," did not object to the amendment. The judge allowed the motion on October 25, 2022, six days before the beginning of trial.

A judge may allow a motion to amend an indictment if the amendment is one of form rather than of substance. See Commonwealth v. Knight, 437 Mass. 487, 491-492 (2002). The date alleged for an offense is generally treated as a matter of form. Id. at 491-493. Amendments of form still may only be granted if they do not result in prejudice to the defendant. See Mass. R. Crim. P. 4 (d), 378 Mass. 849-850 (1979). Here, the date of the offense was not an essential element of the crime, and the defendant has not demonstrated that he suffered any prejudice by the amendment. See Commonwealth v. Day, 387 Mass. 915, 922-923 (1983). The defendant only claims that the variance caused him to waste resources and prevented him from looking for other defenses. This argument is unpersuasive where the defendant was

on notice that the Commonwealth had moved for an amendment eleven months before the trial.

Judgments affirmed.

By the Court (Meade, Walsh & Hodgens, JJ.[2]),

Clerk

Entered:  September 15, 2025.

---

[2] The panelists are listed in order of seniority.