## COMMONWEALTH *vs.* MARY TODD.

Essex. October 1, 1990. - December 3, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Homicide. Constitutional Law*, Admissions and confessions, Waiver of constitutional rights, Assistance of counsel. *Evidence*, Admissions and confessions, Other offense. *Waiver. Practice, Criminal*, Assistance of counsel, Instructions to jury, Presumptions and burden of proof, Verdict, Capital case. *Malice. Intent. Intoxication.*

At the hearing on a criminal defendant's motion to suppress her statement to police, the judge was warranted in finding that the police correctly informed her of her rights to remain silent and to have the assistance of counsel, and that she voluntarily chose to make her statement to the police. [726-727]

There was no merit to the contention that the judge at a criminal trial should have instructed the jury that they could not consider the defendant's statements to the police unless they found that those statements were made following a knowing and intelligent waiver of her Miranda rights. [727]

Where the judge at the trial of a murder case, in his instructions to the jury, defined provocation, advised that heat of passion negates malice, and repeatedly instructed that the Commonwealth had the burden of proof beyond a reasonable doubt, he was not required explicitly to state that the Commonwealth had the burden of proving the absence of provocation. [727-728]

This court declined to exercise its power under G. L. c. 278, § 33E, to set aside a first degree murder conviction based on the defendant's contentions that, due to her intoxication, she could not have formed the intent necessary to justify her conviction [728]; that the judge improperly excluded evidence of the victim's criminal convictions [728]; or that due to her close relationship with the victim, her conviction should be reduced to manslaughter [728-729]; furthermore, on a ground not relied upon by counsel in seeking § 33E relief, this court declined to reduce the defendant's sentence merely because, in separate trials which the defendant and her accomplice requested, the verdicts were different. [728-730]

INDICTMENT found and returned in the Superior Court Department on April 20, 1988.

A pretrial motion to suppress evidence was heard by *J. Harold Flannery*, J., and the case was tried before *John L. Murphy, Jr.*, J.

*Albert S. Previte, Jr.*, for the defendant.

*Margaret J. Perry*, Assistant District Attorney (*Gerald P. Shea*, Special Assistant District Attorney, with her) for the Commonwealth.

WILKINS, J. The defendant, convicted of murder in the first degree of her brother Winston Kendrick, appeals, challenging (1) the denial of a motion to suppress statements that she made to the police on the morning after her brother's death, (2) the absence of an instruction that the jury should decide whether her Miranda rights were violated when her statements were taken, and (3) the judge's failure explicitly to instruct the jury that the Commonwealth had the burden of proving the absence of provocation. The defendant also seeks relief under G. L. c. 278, § 33E (1988 ed.). We affirm the conviction.

The jury would have been warranted in finding that on February 1, 1988, in an apartment in Lynn, the defendant and her husband were involved in an altercation in which the victim, who was the defendant's brother, and several other people also participated. The group had consumed alcoholic beverages over several hours. The dispute concerned the order in which those present would inhale cocaine that was on the kitchen table. In the course of the altercation, the defendant's husband brandished a steak knife that he had taken from a kitchen drawer and confronted the victim. The defendant's husband took the knife with him after the tenant of the apartment asked the defendant and her husband to leave. Several minutes after they left, the victim, accompanied by two other people, opened the apartment door and stepped into the hallway. The defendant had been waiting for the victim and attacked him, with her fists, hitting him in the face and eyes. She called her husband who came around a corner with the knife in his hand. Her husband repeatedly

stabbed the victim, while the defendant urged him to do so and while she continued to hit the victim in the face. The victim died at a hospital shortly thereafter.

The defendant's husband was convicted of manslaughter in a trial that took place shortly before the defendant's trial. Evidence at the defendant's trial, different from the evidence just recited, if believed, would have warranted a manslaughter verdict. We do not know what the evidence was at the husband's trial, but, in many respects, it must have been much the same as that admitted at the defendant's trial. We shall consider the disparity of the two verdicts when we discuss whether the defendant is entitled to relief under G. L. c. 278, § 33E.

1. The defendant challenges the denial of her motion to suppress a statement that she gave to the police on the morning after her brother's death. In that statement, she claimed that she had stabbed the victim, a position that neither she nor the Commonwealth maintained at trial. Her argument is that the police did not respect her right to counsel. The judge ruled otherwise.

The judge found that, during the preliminary portion of the police interrogation, the defendant "wondered aloud about the advisability of having a lawyer." She was concerned whether she could best help her husband by talking or by not talking to the police. He further found that "she was fully and correctly informed of her rights (including that: 'If you decide to answer questions now without a lawyer present, you will still have the right to stop questioning at any time until you talk to a lawyer'), and she decided freely and rationally that giving a statement was the lesser of the evils confronting her. After pausing, she knowingly signed the Miranda sheet signaling that the interview could begin, which it did." There is no reason to reject the judge's findings of fact. *Commonwealth* v. *Pennellatore*, 392 Mass. 382, 386-387 (1984).

The defendant did not make an affirmative request for an attorney. She resolved her equivocation by waiving her right to counsel. The motion to suppress was properly denied. See

*Commonwealth* v. *Pennellatore, supra* at 387; *Commonwealth* v. *Richmond*, 379 Mass. 557, 559-560 (1980).

2. We reject the defendant's argument that the judge should have instructed the jury that they could not consider the defendant's statements to the police unless they found that those statements were made following a knowing and intelligent waiver of her Miranda rights. The judge did tell the jury that they could consider those statements only if the Commonwealth had proven beyond a reasonable doubt that they were voluntary. The question whether the police complied with the obligations of the *Miranda* case is one of law for the judge (and not a question for the jury to decide). See *Commonwealth* v. *Day*, 387 Mass. 915, 923 (1983); *Commonwealth* v. *Tavares*, 385 Mass. 140, 153 n.19, cert. denied, 457 U.S. 1137 (1982).

3. The defendant challenges the judge's failure, over objection, to instruct the jury that the Commonwealth had the burden of proving beyond a reasonable doubt that the defendant did not act on reasonable provocation. The judge defined provocation; advised that heat of passion negates malice; and repeatedly instructed that the Commonwealth had the burden of proof beyond a reasonable doubt. The judge did not, however, explicitly state that the Commonwealth had the burden of proving the absence of provocation.

What we stated in *Commonwealth* v. *Doucette*, 391 Mass. 443 (1984), fully disposes of the defendant's argument. We said: "Although the judge would have followed the better practice if he had restated the Commonwealth's burden, 'the law does not require repetition of the same thought at each turn.' *Commonwealth* v. *Peters*, 372 Mass. 319, 324 (1977). We find the charge constitutionally sufficient because the judge adequately defined provocation and explained that it negates a finding of malice. The judge repeatedly placed the burden of proof beyond a reasonable doubt on the Commonwealth and specifically did so when charging on self-defense. Furthermore, although the judge did not specifically state that provocation and malice are mutually exclusive, he prop-

erly defined manslaughter as the unlawful killing of another without malice." *Id.* at 452-453.

4. In her argument under G. L. c. 278, § 33E, the defendant advances three contentions. She argues first that the verdict should be set aside because she was highly intoxicated when her brother was killed and, therefore, could not have formed the intent necessary to justify her conviction. This was a jury question. The evidence recited above warranted a finding that, with time to reflect on what they were about to do, the defendant and her husband lay in wait to attack the victim with a knife. There is little doubt that the defendant was intoxicated at the time of the killing. The decision to lie in wait may have been the product of judgments affected by the consumption of cocaine and alcohol, but the evidence of what the defendant did warranted the verdict.

Secondly, the defendant argues that the judge improperly excluded evidence of the victim's criminal convictions.[1] Evidence of the victim's reputation for violence and evidence of specific acts of violence was admitted. That part of the evidence that was not shown to have been known to the defendant or her husband would not have been admissible, over objection. See *Commonwealth* v. *Fontes*, 396 Mass. 733, 735-736 (1986). The exclusion of the records of criminal convictions was not error. The fact of the convictions is not important. What could have been important was the defendant's belief, if she had one, that the victim had engaged in violent conduct and the victim had been convicted of a crime because of that conduct. The judge's ruling did not bar the defendant from pursuing that point.

Finally, the defendant argues that the court, pursuant to

---

[1]Perhaps the defendant need not have argued this point under § 33E. She objected to the ruling excluding the record of the victim's criminal convictions and could, therefore, have argued the point in the normal course. On the other hand, some of the convictions were not of crimes of violence and, to that extent, the exclusion of the records of all convictions offered as a package was proper, even on the theory that the defendant argues to us.

G. L. c. 278, § 33E, should reduce the verdict to manslaughter. She relies solely on the close relationship between the victim and her, citing only *Commonwealth* v. *Seit*, 373 Mass. 83 (1977) (verdict of murder in the second degree reduced to manslaughter). She makes no argument based on the disparity between the sentences imposed on her and her husband.

The *Seit* case is at best marginally relevant. It involved a killing to which there were no surviving eyewitnesses except the defendant, who surrendered himself to the police. *Id.* at 94. The defendant's testimony disclosed mitigating circumstances. The facts pointed more plausibly to manslaughter than murder. The defendant was a hard worker with no criminal record; there was evidence that the victim was a man of violent temper. *Id.* at 94-95.

Here, there were eyewitnesses and evidence that the defendant lay in wait to assault the victim along with her husband, who she knew had a knife. This evidence, if believed, certainly supported, if it did not compel, a finding of deliberate premeditation in spite of the defendant's intoxication. Cf. *Commonwealth* v. *Podlaski*, 377 Mass. 339, 350-351 (1979). She initiated the attack, called for her husband to join her, and continued to strike the victim after her husband had struck the victim with the knife. The more serious issue in our view is whether the defendant is entitled to a reduction in her sentence because, in separate trials which each defendant wanted, the verdicts were different.

As a general rule, "[a] mere disparity in the verdicts returned by separate juries in the trials of accomplices" is not enough to warrant § 33E relief. *Commonwealth* v. *Brown*, 378 Mass. 165, 173 (1979). It is often possible to make a general but not conclusive assessment of the relative conduct of two accomplices from the record of the trial of one of them (see *Commonwealth* v. *Podlaski*, *supra* at 349), although a complete record of each trial makes a more trustworthy assessment possible (see *Commonwealth* v. *Pisa*, 372 Mass. 590, 598, cert. denied, 434 U.S. 869 [1977]).

The same judge presided consecutively over the trials of the defendant's husband and the defendant. He denied the

defendant's motion under Mass. R. Crim. P. 25, 378 Mass. 896 (1979), that, among other things, sought a reduction in the verdict to manslaughter. When defense counsel argued that the defendant should have a verdict of manslaughter because that was the verdict entered against her husband, he contended that each jury heard substantially the same evidence. The judge immediately disagreed, saying that "[t]hey heard different evidence, a different spin on the evidence presented." We do not know what that different spin on the evidence was because the record of the husband's trial is not before us. The judge said that "[t]he jury gave [the husband] a break, apparently, but there was a different spin on the evidence when it comes to [the wife's] case. Apparently the jury didn't believe it." He also added that, if he had heard the cases without a jury, he "would have found them both guilty of probably second degree murder." Yet the judge, who heard both cases and had the authority under rule 25 to reduce the defendant's verdict (see *Commonwealth* v. *Gaulden*, 383 Mass. 543, 551, 555 [1981]), did not reduce the defendant's verdict of murder in the first degree.

We are reluctant to disagree based on far less information than the trial judge had. This is a prime example of a situation that justifies rule 25 authority in trial judges to reduce verdicts. Our reluctance to change the verdict pursuant to § 33E is strengthened by the fact that, in his brief, counsel, who was also trial counsel, has not relied on the disparity in the verdicts in seeking § 33E relief, although he did argue the disparity in presenting his rule 25 motion.

*Judgment affirmed.*