COMMONWEALTH vs. RICHARD MCGUIRE.

Hampden. September 14, 1995. - November 6, 1995.

Present: LIACOS, C.J., WILKINS, LYNCH, & O'CONNOR, JJ.

*Constitutional Law*, Assistance of counsel. *Practice, Criminal*, Assistance of counsel. *Attorney at Law*, Suspension, Conflict of interest.

Where an attorney's pending suspension from the practice of law had not yet in fact occurred, a criminal defendant was not denied his constitutional right to counsel by that attorney's representing him at the time the defendant entered pleas of guilty to a number of indictments. [236-239]

A Superior Court judge correctly concluded that a criminal defendant, whose pleas of guilty the judge had accepted, was not entitled to a new trial on the grounds that defense counsel was ineffective at the plea hearing; further, that the defendant was not prejudiced at the plea hearing by the pending suspension of his counsel from the practice of law; and finally, that successor counsel (after the suspension took effect) was not shown to be ineffective. [239-242]

A criminal defendant, seeking a new trial after having entered pleas of guilty, did not demonstrate that an earlier disclosure to the judge that the defendant's attorney was under an imminent suspension would have made any difference in the plea colloquy that was held so as to warrant the grant of a new trial. [242]

INDICTMENTS found and returned in the Superior Court Department on May 12, 1989.

A motion for a new trial, filed on July 14, 1992, was heard by *Daniel A. Ford*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Geoffrey E. Spofford* for the defendant.

*Elizabeth Dunphy Farris*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. On December 5, 1989, the defendant pleaded guilty to multiple indictments charging forcible rape of two

children under sixteen years and indecent assault and battery on two children under fourteen years. In July, 1992, he moved for a new trial asserting that, because his lawyer had been suspended from the practice of law at the time that he pleaded guilty to the charges, he was denied his constitutional right to counsel. He also claimed ineffective assistance of counsel in the handling of his case. The motion was denied. We transferred the appeal here on our own motion. We affirm the order denying the motion for a new trial.

The lawyer who represented the defendant through a change of plea hearing on December 5, 1989, had been suspended on July 24, 1989, from the practice of law in Colorado for two years. On November 8, 1989, a single justice of this court, acting pursuant to the reciprocal discipline provisions of S.J.C. Rule 4:01, § 16, as amended, 402 Mass. 1302 (1988), entered a judgment suspending the attorney from the practice of law for two years from July 24, 1989.[1] See 6 Mass. Att'y Discipline Rep. 309 (1989). The judgment required the attorney to file an affidavit of compliance pursuant to S.J.C. Rule 4:01, § 17 (6), as appearing in 381 Mass. 790 (1980), "within 21 days from date of this Judgment."[2]

Although the reciprocal suspension judgment was entered on November 8, 1989, it was not effective for thirty days. S.J.C. Rule 4:01, § 17 (4), 365 Mass. 710 (1974) ("Unless the court orders otherwise, orders imposing suspension or disbarment shall be effective thirty days after entry"). The judgment of suspension did not order "otherwise," and thus

---

[1]The defendant does not argue that the retroactive nature of the order has any bearing on this case.

[2]Supreme Judicial Court Rule 4:01, § 17 (6), as appearing in 381 Mass. 790 (1980), provides that within fourteen days after the "effective date" of a suspension order, a suspended attorney must file an affidavit with the Board of Bar Overseers showing that he has complied with the notification requirements of § 17. Section 17 (6) requires notice of a suspension, not notice of a judgment ordering a suspension effective thirty days later. The record does not explain why the judge required the affidavit to be filed twenty-one days after the entry of judgment rather than at the later date prescribed in § 17 (6), which contains no explicit authorization to shorten the filing date. Compare § 17 (4) ("Unless the court orders otherwise").

the lawyer's suspension did not become effective until after the defendant's change of plea hearing on December 5, 1989.

At the time of the change of plea hearing, the defendant's lawyer was permitted in a limited way to practice law in the Commonwealth. Although § 17 (4) forbids a lawyer from taking on "any new case or legal matter of any nature" after the "entry" of an order of suspension, it provides that "[d]uring the period from the entry date of the order and its effective date, however, [the lawyer] may wind up and complete, on behalf of any client, all matters which were pending on the entry date." During the thirty-day period, the defendant's lawyer was entitled to complete all pending matters on behalf of any client. The words "wind up and complete" place no limitation on the lawyer's handling of pending matters.[3] In particular, participation at a criminal trial and sentencing, at least if the client is fully informed of the suspension, is not forbidden.

Because the defendant's lawyer was not suspended from the practice of law in Massachusetts during his representation of the defendant, we need not consider the circumstances, if any, in which we would adopt a rule that counsel is ineffective, without a showing of prejudice, solely because a lawyer was suspended from the bar. Cf. *Commonwealth* v. *Thomas*, 399 Mass. 165, 168 (1987) (representation by person who had been suspended from bar for failure to register with Board of Bar Overseers is not per se ineffective assistance of counsel). Even where a suspension had been in effect, there is support for the conclusion that a defendant would not be entitled to a new trial unless he could show that his counsel committed some material error in representing

---

[3]The comment in *Commonwealth* v. *Thibeault*, 28 Mass. App. Ct. 787, 788 n.3 (1990), that participation at trial and sentencing "hardly looks like the winding up contemplated" by § 17 (4), suggests a limitation that § 17 (4) does not contain. If there are to be universal restrictions on attorneys during the thirty-day period, the rule should be amended to say so. The option, of course, is open in a given case to impose restrictions during that period and even to make a suspension effective immediately. Neither the board nor bar counsel requested that the single justice make the suspension effective immediately.

him. See *Commonwealth* v. *Thibeault,* 28 Mass. App. Ct.
787, 792-793 (1990).[4] Cf. *Vance* v. *Lehman,* 64 F.3d 119 (3d
Cir. 1995) (attorney's admission to bar was revoked after
trial for unrelated conduct, and no actual conflict existed,
representation not per se ineffective); *Waterhouse* v. *Rodri-
guez,* 848 F.2d 375, 383 (2d Cir. 1988) (representation by
counsel who had been disbarred but did not know it and re-
signed as counsel upon receiving notice, not per se ineffective
representation); *United States* v. *Mouzin,* 785 F.2d 682, 698
(9th Cir.), cert. denied, 479 U.S. 985 (1986) (two-to-one
decision) (representation by attorney disbarred during trial
not per se ineffective assistance of counsel); *United States* v.
*Hoffman,* 733 F.2d 596, 599 (9th Cir.), cert. denied, 469
U.S. 1039 (1984) (two-to-one decision) (suspension of attor-
ney during trial in another jurisdiction not per se ineffective
assistance). The facts of this case do not present that issue.

The motion judge, who had taken the defendant's guilty
pleas and had sentenced him, concluded, as we have, that the
defendant's lawyer had not been suspended from the practice
of law on the day the defendant pleaded guilty to various
charges. The judge then proceeded, in a thorough memoran-
dum, to analyze the circumstances to determine whether the
looming suspension had any prejudicial effect on the defend-
ant. After applying close scrutiny to the issue because of the
pending suspension, the judge decided that the defendant
had not been prejudiced. He concluded that the case against
the defendant was compelling, based in part on the defend-
ant's voluntary confession to an investigator for the Depart-
ment of Social Services, a confession whose voluntariness was
unassailable in practical terms. The victims, who had no

---

[4]The court in *Commonwealth* v. *Thibeault, supra,* was correct in deal-
ing with the case on the basis that Thibeault's counsel had been suspended
from the practice of law at the time of the defendant's trial. Unlike the
case before us, the order suspending Thibeault's counsel was effective by
its terms upon entry. See *Matter of Modica,* 5 Mass. Att'y Discipline Rep.
258 (1988). The single justice did not, as the *Thibeault* opinion states,
grant Thibeault's counsel twenty-eight days to wind up his affairs. *Com-
monwealth* v. *Thibeault, supra.*

apparent motive to lie, had not recanted their statements, and the prosecutor was prepared to subpoena them if necessary. The defendant advised his lawyer that the allegations to which the defendant ultimately pleaded guilty were true. Defense counsel was able nevertheless to persuade the prosecutor to reduce his intended sentencing recommendation and to drop several charges. The overwhelming case against the defendant and the judge's findings concerning the voluntariness of the defendant's guilty pleas indicate that any inference would be unwarranted that defense counsel pressured the defendant to plead guilty because defense counsel would not be able to try the case.

Because the prosecutor knew that defense counsel wanted to wrap the matter up before his impending suspension and would not be allowed to try the case, it might be inferred that the prosecutor had an unusual advantage in any further plea negotiations with defense counsel. The judge found, however, that the defendant agreed to the conditions under which he would plead guilty before defense counsel learned of the order of suspension. The prosecutor had already reduced his proposed sentencing recommendation in response to information that defense counsel had furnished. There is no indication that defense counsel could have done anything further that would have changed the prosecutor's sentencing recommendation. Thus we are not willing to decide this case solely on the speculation that the prosecutor's sentencing recommendation might have been reduced if defense counsel had not been subject to an order of suspension. To do so would in effect adopt a per se ineffectiveness of counsel rule in this case.

About three weeks before the defendant's scheduled trial date, his lawyer told him about the order of suspension from the practice of law and that he had thirty days to complete any pending cases.[5] Counsel gave the defendant the choice of

---

[5]The record is silent on whether the lawyer gave the defendant any written notice of his suspension within twenty-one days of the date of the judgment as the judgment required. We infer that he did not.

proceeding with him or obtaining new counsel. The defendant elected to proceed with defense counsel and to change his plea on December 5. The judge specifically found that the prosecutor knew about the pending suspension, that the prosecutor and defense counsel discussed the subject in the defendant's presence, and that the prosecutor was satisfied that the defendant had been fully informed of the pending suspension.

On December 5, the defendant pleaded guilty to various charges after a colloquy that satisfied the judge that the pleas were voluntary and knowing. The judge imposed the sentences that the prosecutor had recommended. The judge found that defense counsel's preparation had been thorough and careful and had not been based on improper considerations. The judge further found that defense counsel "did all that anyone could be expected to do for a client." He ruled that defense counsel had not been ineffective.

We accept that conclusion and the additional conclusion, which we think is particularly material in this case, that the defendant was not prejudiced by the pending suspension of his counsel. We are not unmindful of a potential conflict of interest in the circumstances. A lawyer whose suspension from the bar is imminent, perhaps interested in preserving a fee, might pressure a client inappropriately to plead guilty in order to dispose of the matter promptly or might not have time to prepare adequately for a sentencing hearing. The judge's findings, made after careful scrutiny, show that there is no basis for concluding that the pending suspension had any effect on the defendant's decision to plead guilty or on the sentencing recommendation of the prosecutor. He ruled specifically that the defendant had failed to prove a genuine conflict of interest.

One final matter must be discussed because, after the plea of guilty was accepted, the judge indicated that he might send the defendant for an examination as an aid in sentencing. See G. L. c. 123, § 15 (*e*) (1994 ed.). It was only then that defense counsel told the judge of his pending suspension and that his client was aware of it. Defense counsel indicated

that, if necessary, successor counsel would be provided. The judge did send the defendant for examination, and successor counsel represented the defendant at his sentencing. The judge ruled that the defendant had failed to demonstrate that successor counsel was ineffective in a constitutional sense and added that, when current counsel challenged the sentences imposed, he had reopened the sentencing question and, after reviewing the entire record, reaffirmed that the sentences that he had imposed were fair. The defendant has failed to show that successor counsel was ineffective.

Defense counsel should have told the judge of the impending suspension at the commencement of the plea change hearing. If he had done so, the judge's colloquy with the defendant concerning the voluntariness of the plea and the defendant's understanding of the potential ramifications of his counsel's suspension could have been undertaken explicitly in light of that suspension. In the colloquy that was held, the defendant agreed that he had fully discussed the case and the consequences of a guilty plea with his lawyer and that his lawyer had acted in his best interest and had represented him fairly and competently. In the absence of any showing that an earlier disclosure to the judge of the existence of the suspension would have made a difference, we see no justification for vacating the defendant's sentence and ordering a new trial.

*Order denying motion for a*
*new trial affirmed.*