OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
We agree with that Court’s conclusion that under the circumstances of this case, the failure of defendant’s counsel, who at the time of defendant’s trial was an attorney in good standing and duly licensed to practice law in New Jersey, to secure admission pro hac vice to practice in New York, did not aifect his professional qualifications or competence such as to deprive defendant of his right to counsel under the Federal and New York State Constitutions. Nor did counsel’s temporary suspension to practice law in New Jersey for nonpayment of Bar dues at the time he represented defendant deprive defendant of his right to counsel.
In People v Felder (47 NY2d 287), we held that where the defendant in a criminal proceeding had unknowingly been represented by a layman masquerading as an attorney, but who was not licensed to practice law, the defendant’s right to counsel as guaranteed by the Federal and New York State Constitutions was violated and therefore, his conviction must be set aside whether or not defendant was prejudiced by the representation. We expressly left open, however, the issue of whether a defendant’s representation by a lawyer who was temporarily not entitled to practice law may violate a defendant’s constitutional right to counsel (id., at 294, n 6).
Although the defendant’s right to counsel is guaranteed by the Sixth Amendment of the Federal Constitution and article I, §6 of the New York Constitution (US Const 6th, 14th Amends; NY Const, art I, § 6), not every defect in an individual’s ability to practice law renders his representation a deprivation of that right. Thus, courts have distinguished between those defects that are "technical”, i.e., those resulting from administrative suspension or censure for failure to comply with State Bar rules which have no bearing on the "qualification, competence or moral character of the defendant’s representative” (see, People v Chin Min Foo, 144 Misc 2d 589, 592; see also, United States v Novak, 903 F2d 883 [2d Cir]; Solina v United States, 709 F2d 160 [2d Cir]; Commonwealth v Thomas, 399 Mass 165, 503 NE2d 456; Dolan v State, 469 So 2d 142, 143 [Fla]) and those that are "serious and substantive” *938 (United States v Novak, supra, at 890) such as a representative’s inability to practice law in any State because of a failure to seek admission or where admission to practice has been denied " 'for a reason going to legal ability, such as failure to pass a bar examination, or want of moral character’ ” (People v Chin Min Foo, supra, at 592, quoting Solina v United States, 709 F2d 160, 167, supra).
Here, defendant’s attorney had attended law school and had been duly licensed to practice law in New Jersey until he was temporarily suspended from practice for nonpayment of Bar dues. We conclude that his temporary administrative suspension and his failure to be admitted pro hac vice in New York are "technical” defects which, under the circumstances here, cannot serve to support defendant’s right to counsel claim (see, e.g., United States v Bradford, 238 F2d 395 [2d Cir], cert denied 352 US 1002; People v Medler, 177 Cal App 3d 927, 223 Cal Rptr 401; Commonwealth v Thomas, 399 Mass 165, 503 NE2d 456, supra; Dolan v State, 469 So 2d 142 [Fla], supra; People v Cornwall, 3 Ill App 3d 943, 277 NE2d 766). Defendant’s remaining arguments are without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.