◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOON JUN, Appellant. [685 NYS2d 622] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered August 4, 1994, convicting him of attempted robbery in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the County Court, Nassau County, for further proceedings.

The People concede that reversal of the judgment is warranted because the defendant was represented by an attorney who had in fact been disbarred pursuant to Judiciary Law § 90 (4) (a) prior to the time he undertook to represent the defendant. The People's concession implicitly waived any issues the People may have raised concerning the adequacy of the proof in the present record relating to, *inter alia,* whether the defendant knew that his former attorney had been disbarred pursuant to Judiciary Law § 90 (4) (a). Also implicit in the People's concession is an admission that the attorney's disbarment was based on conduct which bespeaks lack of moral character and

which thus relates to the attorney's presumed competence. Under these circumstances, we accept the People's concession as valid (*see generally, People v Kieser,* 79 NY2d 936, 938; *People v Chin Min Foo,* 144 Misc 2d 589, 592; *People v Williams,* 140 Misc 2d 136; *cf., People v Felder,* 47 NY2d 287, 294, n 6; *see also,* Annotation, *Representation by Nonattorney,* 19 ALR5th 351). S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.