[25 NYS3d 186]

In the Matter of ANDRES M. ARANDA (Admitted as ANDRES MANUEL ARANDA), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 18, 2016

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jun H. Lee* of counsel), for petitioner.

*Tesser, Ryan & Rochman LLP*, New York City (*Lewis Tesser* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Andres M. Aranda was admitted to the practice of law in the State of New York by the Second Judicial Department on February 28, 1979, under the name Andres Manuel Aranda. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By order and opinion of May 15, 2015 (*In re Aranda*, 789 F3d 48 [2d Cir 2015]), as amended on May 22, 2015, the United States Court of Appeals for the Second Circuit publicly reprimanded respondent and suspended him for 18 months, effective 28 days thereafter, for misconduct committed in connection with seven criminal appeals before the court; misconduct committed before the United States District Court for the Southern District of New York; and for failing to properly respond to the Second Circuit's order directing him to show cause why disciplinary or other corrective measures should not be imposed on him.

The Departmental Disciplinary Committee moves, pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.3 for an order imposing reciprocal discipline upon respondent in the form of an 18-month suspension.

Respondent opposes the Committee's petition and argues that reciprocal discipline is not supported by 22 NYCRR 603.3, or, in the alternative, that reciprocal discipline should be limited to a public censure. Respondent alternatively requests that he be granted a sanction hearing.

By order of April 16, 2014, the Second Circuit's Grievance Panel directed respondent to show cause why disciplinary or other corrective measures should not be imposed on him, based on his defaults in several appeals, and his conduct in two cases in the United States District Court for the Southern District of New York.

In May 2014, respondent submitted a response to the Second Circuit's order to show cause in which he argued that, among

other things, his conduct was due to his inexperience and unfamiliarity with the court's procedures; none of his defaults and errors in the appeals at issue had ultimately prejudiced his clients; and he had taken remedial measures to assure that such conduct did not recur in the future. Respondent did *not* request a hearing pursuant to Second Circuit Local Rule 46.2 (b) (3) (D). For purposes of clarity, respondent's response to each allegation of misconduct contained in the order to show cause shall be discussed in conjunction with the Grievance Panel's misconduct findings made in its order and opinion of May 15, 2015.

### United States v Thompson (Manigault)

Respondent represented Anthony Manigault in his direct appeal from a criminal judgment sentencing him to 120 months' imprisonment. Respondent failed to pay the filing fee for the appeal and failed to file numerous required documents, including his brief, by the deadlines mandated by the court's rules and orders. The appeal was eventually dismissed based upon respondent's failures. The appeal was later reinstated and, upon the government's motion, the case was remanded to the federal district court and the client was resentenced to 66 months' imprisonment.

In his response, respondent only acknowledged that he had failed to timely pay the filing fee and failed to timely file a court form, which he attributed to his inexperience and unfamiliarity with the court's filing procedures. Respondent argued that his conduct did not prejudice his client.

The Grievance Panel discounted respondent's explanations because: (1) he did not address other numerous defaults noted in the order to show cause; (2) his professed unfamiliarity with the court's procedures did not explain why he failed to comply with orders that identified his defaults, and instructed him to cure the defaults by specified deadlines; nor did he explain why multiple calls from court personnel were required before he cured *some* of the defaults; and (3) his claim that his client was not prejudiced focused solely on the end result, and overlooked the fact that he wasted the time of opposing counsel, the judges and court personnel.

### United States v Gabriel

Respondent represented Leonardo Gabriel in two appeals from a criminal judgment sentencing him to 240 months' imprisonment, both of which were dismissed based on respondent's defaults. In addition to his defaults, respondent incor-

rectly informed the Second Circuit that his secretary had been advised that the district court transcripts were not yet ready each time she called. Both appeals were later reinstated. In his response to the Grievance Panel, he stated that, among other things, he never intended to neglect Gabriel's appeals; however, he did not discuss his other defaults which were noted in the court's order of dismissal of the two appeals.

### United States v Guerrero (Delgado)

Respondent represented Hector Delgado in an appeal from a criminal judgment sentencing him to 128 months' imprisonment. The Grievance Panel's order to show cause did not identify respondent's individual defaults in Delgado's appeal; however, court records showed that three separate orders advised respondent that he had failed to file two required forms as well as his brief, and two of the orders threatened dismissal of the appeal if the defaults were not cured. Other orders noted that respondent had filed defective documents, and he failed to cure the defective documents despite having been given notice thereof. Each of the court's orders identified the court rules respondent had violated. In his response to the Grievance Panel, respondent contended that court records did not show that his work was deficient, nor that he had violated the court's rules and procedures. The Grievance Panel found otherwise.

### United States v Batista

Respondent represented Marco Batista in his appeal from a criminal judgment sentencing him to 244 months' imprisonment. The Grievance Panel found that court records showed that: respondent defaulted on several occasions, including failure to file a brief, despite being advised by the court that the appeal would be dismissed if a brief was not timely filed; filed a defective motion to be relieved as counsel; and then failed to cure the defective motion despite repeated direction by the court to do so, causing the court to relieve him sua sponte. Batista, proceeding pro se, later informed the court that he was having difficulty preparing his brief due to, among other things, respondent's failure to provide requested documents. The appeal was ultimately dismissed based on Batista's failure to file a brief. In his response, respondent stated that he had been fired by Batista's family and he summarily asserted that Batista was not prejudiced by his conduct. The Grievance Panel found respondent did not specifically address his conduct as reflected by the court record, nor did he support his assertion that Batista was not prejudiced by his conduct.

*United States v Espinal*

Respondent represented Guidri Espinal in his appeal from a criminal judgment sentencing him to 41 months' imprisonment. The Grievance Panel found that respondent failed to file a required form, despite being reminded by the court to do so. He also failed to file a brief, resulting in dismissal of the appeal. In his response, respondent explained that he did not pursue the appeal because Espinal had been sentenced to the lowest sentence he could receive under the sentencing guidelines and thus, Espinal had not been prejudiced. The Grievance Panel noted that respondent did not specify if Espinal had consented to the abandonment of his appeal and, even if he had, respondent was obligated to move to either withdraw the appeal or withdraw as counsel, neither of which he did.

Misconduct in the Southern District

The Grievance Panel noted that an attorney's conduct in the district courts may be the subject of proceedings before the Second Circuit in some circumstances. The Grievance Panel found that respondent's district court conduct was "relevant because, when viewed in the context of the conduct described in our order to show cause, it supports the conclusion . . . that his misconduct in this Court is part of a wider pattern of misconduct." Accordingly, the Panel's order to show cause directed respondent to explain his conduct in two district court cases. However, it made findings as to only one matter, specifically, the case of *United States v Sanchez*. There, respondent represented defendant Patricio Sanchez, who pleaded guilty and was sentenced to 37 months' imprisonment. In postjudgment proceedings, the Southern District found respondent had deprived Sanchez of effective assistance of counsel because he failed to pursue a direct appeal, contrary to his client's instructions. The court also denied respondent's motion to be relieved as appellate counsel because he filed the motion in the wrong court, and advised him that he was obligated to proceed with the appeal until relieved by the Second Circuit. The Grievance Panel found that, despite the Southern District's directives, there was no indication that respondent attempted to proceed with Sanchez's appeal. In response, respondent stated that: Sanchez had not paid him for an appeal; he could not proceed with the appeal due to a conflict of interest; he had requested that the Second Circuit relieve him from representing Sanchez on appeal but had not yet received a ruling; Sanchez was not prejudiced because he received a sentence within the range of

the sentencing guidelines and his plea agreement; and the Second Circuit had ruled on his appeal.

The Grievance Panel rejected respondent's assertions because: (1) under the circumstances, he was obligated to file a notice of appeal and proceed with the appeal until relieved by the court; (2) there was no record of respondent ever having moved to withdraw as appellate counsel; and (3) there was no indication that the Second Circuit had ruled on Sanchez's appeal. The Grievance Panel further concluded that Sanchez "suffered substantial prejudice from the delay of his appeal," notwithstanding the fact that he received a sentence within the stipulated sentencing guidelines.

Additionally, the Grievance Panel found that respondent failed to comply with its directive in the order to show cause that he provide a *complete* description of his disciplinary history. Specifically, respondent neglected to mention his three prior admonitions by New York State disciplinary authorities and failed to provide required documents, aside from our 2006 decision suspending him for one year.[1] The Grievance Panel further found that, contrary to its explicit instructions, respondent failed to address much of the questionable conduct referenced in its order to show cause, which failure constituted both an independent basis for disciplinary action and an aggravating factor. As to mitigation, given his prior disciplinary history, the Grievance Panel discounted the remedial action taken by respondent.

On the issue of an appropriate sanction, the Grievance Panel found several aggravating factors including respondent's prior disciplinary record, much of which also involved neglect of client matters; the "pattern of misconduct, involving multiple cases and covering a span of years"; the fact that the neglect here involved criminal cases "where significant liberty interests were at risk"; his continuing failure to take corrective action despite being told repeatedly of his defaults by the court and court personnel; and "his gross negligence in failing to properly respond to our order to show cause." The Grievance Panel

---

1. By order of June 13, 2006, we suspended respondent for one year based on four counts of neglect regarding three separate client matters and failing to file retainer statements (32 AD3d 58 [1st Dept 2006]). That decision referenced his three prior admonitions (*id.* at 62). On June 26, 2008, respondent was reinstated following a hearing during which he promised to reduce his workload and use computer software to help monitor his cases to prevent a reoccurrence of his misconduct.

determined respondent "should be publicly reprimanded and suspended from practice before this Court for eighteen months," effective 28 days from the date of its May 15, 2015 decision. This order and opinion forms the basis of the instant proceeding.

The only defenses to reciprocal discipline are enumerated at 22 NYCRR 603.3 (c), to wit: a lack of notice and opportunity to be heard in the foreign jurisdiction; an infirmity of proof establishing the misconduct; or the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York (*Matter of Hoffman*, 34 AD3d 1, 2-3 [1st Dept 2006]).

Respondent argues that federal courts do not meet the definition of a "foreign jurisdiction" under 22 NYCRR 603.3 (a) because: (1) there is no New York case law which directly addresses this issue; and (2) other jurisdictions, specifically Georgia and Virginia, have held that, in the absence of an explicit definition, federal courts do not qualify as "another jurisdiction" for the purpose of reciprocal discipline. Respondent urges us to find that a "foreign jurisdiction" includes only licensing jurisdictions (i.e., states), which the Second Circuit is not. He further contends that, assuming arguendo, the definition of a "foreign jurisdiction" is ambiguous under 22 NYCRR 603.3 (a), we should resolve the ambiguity in respondent's favor and not treat federal courts as such for the purpose of reciprocal discipline. Finally, respondent argues that, even if we consider the Second Circuit a "foreign jurisdiction" under 22 NYCRR 603.3 (a), we are not bound by its sanction determination and, considering our precedents and his factors in mitigation,[2] we should impose nothing more than a public censure, or, in the alternative, that he be granted a sanction hearing.

In response, the Committee argues that we have impliedly defined federal courts as a "foreign jurisdiction" within the meaning of 22 NYCRR 603.3 (a) by imposing, within the last 10 years, reciprocal discipline in no less than 60 cases where attorneys have been disciplined in federal courts, including cases based on discipline imposed by the Second Circuit. The Committee further argues that a reciprocal 18-month suspension is in general accord with our precedents. Finally, the Com-

---

2. Respondent argues in mitigation that: his misconduct primarily involved unintentional defaults; he has taken remedial steps that include consultation with more experienced attorneys and improved law office management; he readily admitted his errors and is remorseful; and the Second Circuit did not identify any actual harm to his clients.

mittee contends that respondent's request for a sanction hearing should be denied because he had not raised the defense that his misconduct before the Second Circuit would not constitute misconduct in New York (22 NYCRR 603.3 [c] [3]).

Respondent's argument that the Second Circuit does not qualify as a "foreign jurisdiction" within the meaning of 22 NYCRR 603.3 (a) is without merit. We have repeatedly imposed reciprocal discipline based on discipline imposed by the Second Circuit (*see e.g. Matter of Vialet*, 120 AD3d 91 [1st Dept 2014]; *Matter of Rudrakumaran*, 113 AD3d 107 [1st Dept 2013]; *Matter of Liu*, 113 AD3d 85 [1st Dept 2013]).

In addition, none of the defenses under 22 NYCRR 603.3 (c) apply to this matter. Respondent received notice of the misconduct allegations at issue in the Grievance Panel's order to show cause and he submitted a response which the Grievance Panel considered. Moreover, the Grievance Panel's misconduct findings are fully supported by the record. Finally, respondent's misconduct before the Second Circuit also constitutes misconduct under the New York Rules of Professional Conduct (22 NYCRR 1200.0), specifically: rules 1.1 (a) (failure to provide competent representation) and 8.4 (d) (conduct prejudicial to the administration of justice) and (h) (overall conduct that adversely reflects on fitness as a lawyer).

Turning now to the appropriate sanction to be imposed, as a general rule in reciprocal discipline matters, we give significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (*see Matter of Peters*, 127 AD3d 103, 109 [1st Dept 2015]; *Matter of Cardillo*, 123 AD3d 147, 150 [1st Dept 2014]; *Matter of Jaffe*, 78 AD3d 152, 158 [1st Dept 2010]). Only in rare instances will we depart from this general rule (*see Matter of Lowell*, 14 AD3d 41, 48-49 [1st Dept 2004], *appeal dismissed* 4 NY3d 846 [2005], *lv denied* 5 NY3d 708 [2005]).

Here, an 18-month suspension is in accord with our precedents involving similar misconduct, ranging from suspensions of from one to two years (*see e.g. Matter of Segal*, 123 AD3d 260 [1st Dept 2014] [one-year suspension for pattern of misconduct that included neglect of four client matters, failure to appear at two case conferences, and failure to comply with court orders; prior two-year suspension and two admonitions following reinstatement]; *Matter of Kulcsar*, 98 AD3d 161 [1st Dept 2012] [reciprocal two-year suspension based on orders by the Second Circuit of censure and a six-month suspension for,

inter alia, the dismissal of four criminal appeals due to default and failing to comply with the court's briefing schedule, and two-year suspension by the Southern District for escrow related misconduct]; *Matter of Sobolevsky*, 96 AD3d 60 [1st Dept 2012] [reciprocal two-year suspension based on public reprimand and two-year suspension by the Second Circuit for, inter alia, submission of deficient briefs and failure to comply with scheduling orders]; *Matter of Gentile*, 7 AD3d 37 [1st Dept 2004] [two-year suspension for pattern of misconduct that included neglect of six client matters, failure to promptly refund unearned fees to seven clients, and failure to satisfy an arbitration award and three judgments obtained by clients; prior disciplinary history, four letters of caution and an admonition]; *Matter of LeBow*, 285 AD2d 28 [1st Dept 2001] [18-month suspension for, inter alia, neglect of a single client matter for four years and failure to cooperate with DDC investigation; aggravation including false testimony at disciplinary hearing, lack of remorse and prior admonition]).

Accordingly, the Committee's petition for reciprocal discipline should be granted, and respondent should be suspended for a period of 18 months, and until further order of this Court.

TOM, J.P., FRIEDMAN, SWEENY, RENWICK and MANZANET-DANIELS, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of 18 months, nunc pro tunc to May 15, 2015, and until further order of this Court.