State of New York
Court of Appeals

OPINION

This opinion is uncorrected and subject to revision
before publication in the New York Reports.

No. 14
The People &c.,
        Respondent,
    v.
Angelo Burgos,
        Appellant.

Wayne E. Gosnell, Jr., for appellant.
Sheila L. Bautista, for respondent.

TROUTMAN, J.:

Defendant contends that his retained attorney's suspension from practice by the United States Court of Appeals, Second Circuit, rendered the attorney constructively unlicensed to practice in New York while reciprocal disciplinary proceedings were pending

- 1 -

in the Appellate Division. Alternatively, defendant contends that his attorney's failure to inform him of the suspension and pending reciprocal disciplinary proceedings in New York deprived him of his constitutional right to choice of counsel. We reject those contentions.

I.

Defendant was charged by indictment with two counts of gang assault in the first degree and four counts of assault in the first degree for his participation in a March 2012 attack involving two victims. The assault was captured on surveillance video. In November 2013, four months after his arraignment, defendant substituted his trial counsel with Andres Aranda, Esq., a retained attorney who had obtained favorable results for him in prior criminal proceedings.

On May 15, 2015, while Aranda was representing defendant in the pending New York criminal proceedings, the Second Circuit publicly reprimanded Aranda and suspended him from the practice of law before that court for a period of 18 months, effective 28 days from the date of the Second Circuit decision (*see In re Aranda*, 789 F3d 48 [2d Cir 2015]).[1] The Second Circuit's order imposing discipline upon Aranda cited seven appeals before that court in which Aranda's conduct had been deficient (*see id.* at 50-52). The Second Circuit also noted instances of Aranda's misconduct in federal district court, as well as his disciplinary history in New York and failure to adequately respond to the Second Circuit's inquiry, in concluding that the court had "little assurance that [Aranda]

---

[1] The Second Circuit's opinion was amended on May 22, 2015, but the court clarified that the deadlines it imposed were to be calculated using the original issuance date of May 15, 2015 (*see id.* at 48 n 1).

can conform his conduct to expected professional norms" (*id.* at 52-59). The court's suspension order required Aranda to inform all of his clients with pending cases before the Second Circuit of his suspension so that they could obtain new counsel (*see id.* at 60). In a supplemental order, the Second Circuit required Aranda to disclose the court's decision and opinion "to all courts and bars of which he is currently a member, and as required by any bar or court rule or order."

Aranda disclosed the discipline to the Attorney Grievance Committee of the First Judicial Department by letter dated July 10, 2015.[2] Meanwhile, defendant's state criminal proceedings were ongoing. On July 30, 2015, defendant waived his right to a jury trial, and a bench trial commenced that day. The court rendered its verdict on September 16, 2015, acquitting defendant of the gang assault counts but convicting him on the four counts of first-degree assault. Defendant was sentenced on February 5, 2016. Aranda represented defendant throughout those proceedings, to the entry of the judgment.

On February 18, 2016, approximately two weeks after defendant was sentenced, the Appellate Division imposed reciprocal discipline on Aranda and suspended him from the practice of law in New York for 18 months (*see Matter of Aranda*, 138 AD3d 142 [1st Dept 2016]). The suspension was imposed "nunc pro tunc to May 15, 2015," the date of the Second Circuit's suspension order (*id.* at 150). After recounting the disciplinary

---

[2] At the time, New York's reciprocal discipline rule required attorneys to "promptly" inform the New York disciplinary authorities of discipline imposed by a foreign jurisdiction (*see* former Rules for Attorney Disciplinary Matters [22 NYCRR] § 603.3 [d]). The current rule requires disclosure within 30 days after the foreign discipline is imposed (*see* 22 NYCRR 1240.13 [d]).

proceedings before the Second Circuit, the Appellate Division rejected Aranda's arguments that the Second Circuit was not a "foreign jurisdiction" within the meaning of the reciprocal disciplinary rules and further observed that none of the defenses to reciprocal discipline were applicable (*see id.* at 143-149). The Court stated that it gave "significant weight to the sanction imposed" by the foreign jurisdiction and concluded that an 18-month suspension was in accord with the Court's "precedents involving similar misconduct" (*id.* at 149-150).

Defendant thereafter moved pursuant to CPL 440.10 to vacate the judgment.[3] As relevant here, defendant contended that his conviction was unconstitutionally obtained because he was denied the effective assistance of counsel, in part because Aranda failed to disclose to defendant that during the pendency of defendant's criminal proceedings, Aranda had been suspended from practice before the Second Circuit. In support of his motion, defendant contended that Aranda was required to inform him of the Second Circuit's suspension order so that defendant could make an informed decision as to whether to continue with Aranda as his attorney. Defendant asserted in an affidavit that Aranda never informed him of the Second Circuit's suspension, and that if he had known of that discipline, he "would not have let [Aranda] continue as [his] attorney." Defendant further argued that Aranda neglected defendant's case, consistent with Aranda's neglect of client matters in the Second Circuit. The People opposed the CPL 440.10 motion.

---

[3] Defendant's motion pursuant to CPL 440.20 to set aside the sentence as illegal was granted on consent and he was resentenced accordingly. That motion is not at issue on this appeal.

Supreme Court denied defendant's motion to vacate the judgment. The court reasoned that Aranda had no legal or ethical duty to inform defendant that he was suspended by the Second Circuit, and that Aranda was still an attorney in good standing in New York when he represented defendant. The court rejected defendant's remaining contentions regarding Aranda's allegedly defective performance.[4]

On appeal, the Appellate Division considered together defendant's direct appeal from the judgment and his appeal by permission from Supreme Court's order denying his CPL 440.10 motion (190 AD3d 431 [1st Dept 2021]). As relevant here, the Appellate Division held that defendant's CPL 440.10 motion was properly denied. The Court rejected defendant's contention that Aranda's suspension by the Second Circuit rendered him "constructively suspended" from practice in New York (*see id.* at 432-433). The Appellate Division further concluded that, "[r]egardless of whether counsel should have informed defendant of the Second Circuit suspension, defendant has not shown that counsel's failure to do so requires a new trial" (*id.* at 433).

A Judge of this Court granted defendant leave to appeal (37 NY3d 954 [2021]). We now affirm.

II.

---

[4] The court specifically rejected as meritless defendant's claim that defense counsel was not aware of the accomplice's cooperation agreement to testify against defendant before defendant waived his right to a jury trial. Although the court granted defendant a hearing as to whether defendant was prejudiced by Aranda's mistaken belief as to defendant's predicate offender status, the court ultimately concluded that there was no prejudice.

Defendant first contends that Aranda's suspension by the Second Circuit automatically rendered Aranda "constructively suspended" from the practice of law in New York, such that defendant was not represented by the licensed counsel to which he was constitutionally entitled. Criminal defendants have a constitutional right to be represented by a licensed attorney (*see People v Felder*, 47 NY2d 287, 293-294 [1979]). Although defendant acknowledges that Aranda was "technically licensed" in New York during his representation of defendant, he argues that when an attorney is suspended or disbarred by a foreign jurisdiction for "serious misconduct," that attorney should be rendered constructively suspended from criminal practice in New York, and therefore unable to represent criminal defendants, while reciprocal discipline proceedings in New York are pending. We decline to create such a rule.

*People v Kieser* (79 NY2d 936 [1992]), upon which defendant relies, does not support defendant's argument for a per se rule. In that case, the defendant's attorney was admitted to practice law in New Jersey but failed to obtain pro hac vice admission in New York and therefore was never licensed in this jurisdiction. Moreover, the attorney was temporarily suspended in New Jersey for nonpayment of bar dues during the time that he represented the defendant (*see id.* at 937). The Court held that the attorney's temporary suspension and failure to obtain pro hac vice admission in New York were " 'technical' " defects that did not deprive the defendant of the licensed counsel to which he was entitled (*id.* at 938).

Although the *Kieser* Court distinguished between "technical" defects and "serious and substantive" defects in an attorney's ability to practice law, it did so in a context where

the defendant's attorney was not admitted in New York and was temporarily unlicensed to practice law in any state (*see id.* at 937-938). Here, by contrast, Aranda was an attorney licensed to practice in New York at the time he represented defendant. The Court did not suggest in *Kieser* that an attorney licensed to practice in New York could be constructively suspended in this state due to the imposition of foreign discipline. Furthermore, when discussing "serious and substantive" defects that would render counsel unlicensed, the Court cited examples such as the failure to seek admission in any state or the failure to pass a bar examination (*see id.*, citing *Solina v United States*, 709 F2d 160, 167 [2d Cir 1983] and *United States v Novak*, 903 F2d 883, 890 [2d Cir 1990]).

In addition, attorneys who are the subject of disciplinary proceedings, including reciprocal disciplinary proceedings, are entitled to due process, which includes notice and an opportunity to be heard (*see Matter of Hallock*, 37 NY3d 436, 442 [2021]; *Matter of Dondi*, 63 NY2d 331, 339 [1984]; *Matter of Zuckerman*, 19 NY2d 977, 978 [1967]). Attorneys may raise defenses and mitigating evidence in opposition to the imposition of reciprocal discipline (*see* 22 NYCRR 1240.13 [b]). Thus, contrary to defendant's contention, the imposition of reciprocal discipline is not a foregone conclusion, nor is the nature or length of any reciprocal discipline imposed certain. Defendant's proposed rule would deprive attorneys of the due process to which they are entitled in pending reciprocal disciplinary proceedings.[5]

---

[5] The Appellate Division's suspension of Aranda nunc pro tunc to the date of the Second Circuit's suspension did not render Aranda actually unlicensed to practice law in New York during his representation of defendant or mean that his practice of law in New York hile the reciprocal disciplinary proceedings were pending was unlawful (*see Burgos*,

### III.

Defendant further contends that Aranda's failure to inform him of the Second Circuit's suspension and the pending reciprocal disciplinary proceedings in New York deprived him of his constitutional right to choice of counsel. It is well settled that criminal defendants have a constitutional right to retained counsel of their choosing if they do not require an appointed attorney (*see e.g. United States v Gonzalez-Lopez*, 548 US 140, 144 [2006]; *People v O'Daniel*, 24 NY3d 134, 138 [2014]; *People v Arroyave*, 49 NY2d 264, 270 [1980]). That right is not unlimited. For example, the court has authority to prevent a defendant's insistence on representation by counsel who has an actual conflict of interest (*see Wheat v United States*, 486 US 153, 162 [1988]; *People v Carncross*, 14 NY3d 319, 323 [2010]), and "a defendant may not employ such right as a means to delay judicial proceedings" (*Arroyave*, 49 NY2d at 271). If a defendant has been deprived of the constitutional right to choice of counsel by the court, the defendant need not demonstrate prejudice, and harmless error analysis does not apply (*see Gonzalez-Lopez*, 548 US at 146, 148-150; *Arroyave*, 49 NY2d at 273).

No statute, court order, or New York Rule of Professional Conduct affirmatively required Aranda to disclose the Second Circuit's suspension or the pending reciprocal disciplinary proceedings in New York to defendant. The Second Circuit's suspension order required Aranda to disclose the suspension to clients with cases pending in that court, and

---

190 AD3d at 432-433). Defendant does not contend otherwise. The Appellate Division did not issue an interim suspension of Aranda while the reciprocal disciplinary proceedings were pending in that Court (*see generally* 22 NYCRR 1240.9).

its supplemental order required him to inform New York disciplinary authorities of the suspension, which he did.  Of course, had a court order or any ethical rule required affirmative disclosure of the Second Circuit's public discipline or the pending New York disciplinary proceedings to his New York clients, Aranda would be obligated to comply. In the absence of such, however, the pending reciprocal disciplinary proceedings were confidential until they concluded (*see* Judiciary Law § 90 [10]; 22 NYCRR 1240.18). Furthermore, as previously explained, the imposition of reciprocal discipline was not automatic, nor was it inevitable that the Appellate Division would also impose the sanction of suspension.

Here, the Appellate Division suspended Aranda from the practice of law in New York approximately two weeks after the judgment was entered upon the imposition of sentence, and Aranda was therefore licensed to practice in New York during the pendency of the criminal action against defendant.  We decline to create a bright-line rule invariably requiring attorneys to affirmatively disclose the imposition of foreign discipline or pending reciprocal discipline proceedings to their clients in every case, where no court order or ethical rule requires such disclosure.

Instead, we conclude that an attorney's failure to disclose the imposition of foreign discipline and pending reciprocal disciplinary proceedings can adequately be assessed in the context of an ineffective assistance of counsel claim, which defendant continues to raise on this appeal.  Our "flexible" standard for analyzing such claims provides that "so long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful

representation, the constitutional requirement will have been met" (*People v Benevento*, 91 NY2d 708, 712 [1998] [internal quotation marks and alterations omitted]).

We agree with the courts below that defendant has not sustained his burden of demonstrating, based on " 'the evidence, the law, and the circumstances of [his] particular case, viewed in totality and as of the time of the representation,' " that Aranda's performance, including his failure to disclose the suspension, deprived defendant of meaningful representation (*id.*, quoting *People v Baldi*, 54 NY2d 137, 147 [1981]). The aspects of Aranda's performance about which defendant complains were either refuted by the record or consistent with the strategic decisions of a reasonably competent attorney and did not prejudice defendant (*see id.* at 712-713). Defendant has not demonstrated that the neglect of cases that led to the Second Circuit's discipline was present in Aranda's representation of defendant. Furthermore, defendant has not demonstrated that the imposition of reciprocal discipline in New York impacted Aranda's representation of him or prejudiced him because Aranda was a licensed attorney in New York during the pendency of defendant's criminal proceedings.[6] Defendant was not deprived of the attorney of his choice solely due to the imposition of foreign discipline.

Accordingly, the order of the Appellate Division should be affirmed.

---

[6] "Because our state standard . . . offers greater protection than the federal test, we necessarily reject defendant's federal constitutional challenge by determining that he was not denied meaningful representation under the State Constitution" (*People v Caban*, 5 NY3d 143, 156 [2005]).

Order affirmed. Opinion by Judge Troutman. Chief Judge DiFiore and Judges Rivera, Garcia, Wilson, Singas and Cannataro concur.

Decided March 17, 2022